**Harry JONES, Appellant**

v.

**AMERICAN FLOOD RESEARCH, INC., Appellee.**

No. 05–03–01023–CV.

Court of Appeals of Texas, Dallas.

Jan. 20, 2005.

Richard Abernathy, Abernathy Roeder Robertson & Joplin, McKinney, for Appellant.

John R. Roach, Jr., William D. Cramer, Roach, LLP, Plano, for Appellee.

Before Justices MOSELEY, BRIDGES, and LANG–MIERS.

## OPINION

Opinion by Justice MOSELEY.

This is an appeal of a discovery sanction entered against attorney Harry Jones. Jones represented three former employees ("the employees") of American Flood Research, Inc. in a trade secret and employment discrimination dispute with their former employer. On Jones's motion, the trial court severed the sanction order into a separate cause number and Jones perfected this appeal. Although we conclude the severance was improper, we have jurisdiction to consider this appeal. We also conclude that because the trial court found that the employees did not engage in any discovery abuse, its sanctioning of Jones under Texas Rule of Civil Procedure 215.3 constituted an abuse of discretion. We reverse the trial court's sanction order and dismiss the case.

### BACKGROUND

While still employed by American Flood, the employees made a written complaint of employment discrimination to the company and threatened to file a charge of discrimination with the Equal Employment Opportunity Commission. Three days later, they either abandoned their jobs or were terminated. They filed a charge with the EEOC and notified American Flood. The same day, American Flood sued the employees in state court for trade secret violations and for allegedly destroying American Flood's computer systems.

The state court suit was abated by mutual agreement for several months while federal authorities investigated a number of the parties' allegations. After the state court suit was reinstated, the employees received their right to sue letter from the EEOC and filed a discrimination suit against American Flood in federal court. Jones represented the employees in both the state court suit and the federal discrimination suit.

From the outset, there were several disputes regarding discovery. After the state court case was reinstated, the discovery disputes escalated in both state and federal court. The parties jockeyed over whose depositions would be taken first, as well as issues concerning written discovery, document production, and privilege logs. Both sides filed motions to compel discovery and motions to quash depositions.

In November 2002, American Flood requested depositions of the employees in December. On behalf of the employees, Jones rejected the proposed dates and argued that the trial court had said no depositions would be taken until documents were produced and privilege claims resolved. American Flood then noticed the employees' depositions for December. The next day, the employees filed a motion to quash and a motion to compel production of documents. The employees objected to the time and place designated in the notices and the depositions were stayed

under rule 199.4. TEX.R. CIV. P. 199.4. The motions were set for hearing, but, according to Jones, American Flood agreed to produce documents and the employees canceled the hearing.

Shortly after this, American Flood moved to compel the employees' depositions and set a hearing for December 20, 2002. Sometime before this hearing, the employees noticed the depositions of American Flood in the federal lawsuit for January 7, 2003.

Several discovery matters were heard at the December 20 hearing, including the order and timing of depositions. American Flood argued that the trial court had ruled in an earlier hearing that American Flood could take the employees' depositions first and that American Flood would produce a privilege log by a certain date.[1] American Flood claimed it produced the privilege log, but that the employees refused to agree to dates for their depositions. Instead, American Flood argued, the employees filed the federal lawsuit and immediately noticed depositions for American Flood's representatives. American Flood characterized this conduct as an "end-around" the trial court's earlier ruling that American Flood would take depositions first. American Flood asked the trial court to allow it to take the employees' depositions in state court before the American Flood's representatives were deposed in the federal court. After hearing arguments from Jones, the trial court stated that American Flood could start depositions on January 6, and told the attorneys to work out a time by agreement or come back to the court to set a time. When asked if the court would order the depositions for the sixth, seventh, and eighth of January, the trial court stated, "I'm as-suming that deposition notices will say the 6th, and they will run until they're concluded." This oral pronouncement, which apparently envisioned the issuance of deposition notices, was not reduced to a written order. Moreover, American Flood did not serve notices to depose the employees on January 6, and the parties did not agree to a time or place for those depositions.

On December 30, 2002, the employees filed a motion to reconsider the rulings at the December 20 hearing. They also filed a motion to recuse the trial judge because of the judge's alleged bias against Jones in prior hearings and favor toward American Flood's newly retained counsel. Jones notified American Flood's counsel that the employees would not appear for depositions until the motions had been decided. The employees did not appear for depositions on January 6.

The motion to recuse was set for hearing on January 13, but the employees filed a motion for continuance in order to obtain transcripts of hearings and additional evidence. The motion for continuance was set for the same day as the recusal hearing. On January 10, the employees withdrew the motion to recuse because Jones was unable to "meaningfully review the (incomplete) hearing transcripts and obtain other necessary evidence of judicial conduct." The motion to recuse was never refiled and the motion to reconsider was never set for hearing. On January 15, Jones was discharged by the employees as their attorney, and he moved to withdraw.

American Flood filed a motion for sanctions against the employees and Jones for alleged discovery abuse under rule 215.3, and for violations of civil practice and rem-

---

1. We do not have a record of the earlier hearing and this ruling is not reflected in a written order of the trial court.

edies code sections 9.011 and 10.001 and rule 13. TEX.R. CIV. P. 13, 215.3; TEX. CIV. PRAC. & REM.CODE ANN. §§ 9.011, 10.001 (Vernon 2002). After an evidentiary hearing before a visiting judge, the trial court granted the motion against Jones for "egregious discovery abuse" and ordered Jones to pay a sanction of $15,000 to American Flood. However, the trial court denied the motion for sanctions against the employees. The trial court's conclusions of law state that the actions in connection with the November 2002 motion to quash, with the motion to recuse, and with the employees' failure to appear for the January 6 depositions—considered separately and "in toto"—constituted abuse of the discovery process under rule 215.3 by Jones. However, the trial court expressly found that the same actions did not constitute abuse of the discovery process .by each of the employees. The trial court also found that none of the same actions, considered separately or in total, constituted violations of sections 9.011, 10.001, or rule 13 by either the employees or by Jones.

Jones, who was not a party and no longer represented a party in the lawsuit, filed a motion to sever the sanction order so that he could appeal the order. The trial court granted the motion and severed the sanction order into a new cause number. Jones appeals claiming the trial court abused its discretion in finding that he abused the discovery process and in the amount of the sanction.

### JURISDICTION AND SEVERANCE

Although the severance order is not challenged by the parties, we briefly address the propriety of the severance order because of a conflict in the courts of appeal as to whether an improper severance order affects the court's jurisdiction over the appeal. Some courts hold that an improper

severance is trial court error and does not deprive the appellate court of jurisdiction to consider the appeal. See Rucker v. Bank One Tex., N.A., 36 S.W.3d 649, 652 (Tex.App.-Waco 2000, pet. denied); Nicor Exploration Co. v. Fla. Gas Transmission Co., 911 S.W.2d 479, 482–83 (Tex.App.-Corpus Christi 1995, writ denied). Other courts have concluded that pretrial discovery and sanction orders are not severable because they cannot stand alone as independent suits and are interwoven with the merits of the main lawsuit. H.E. Butt Grocery Co. v. Currier, 885 S.W.2d 175, 177 (Tex.App.-Corpus Christi 1994, no writ). Such orders are not "claims" that may be severed under rule 41 and absent a valid severance, the appellate court lacks jurisdiction. Id. See also TEX.R. CIV. P. 41; Dalisa, Inc. v. Bradford, 81 S.W.3d 876, 882 (Tex.App.-Austin 2002, no pet.) (holding severance improper and dismissing appeal for want of jurisdiction); Cass v. Stephens, 823 S.W.2d 731, 733 (Tex. App.-El Paso 1992, no writ) (same), overruled in part by In re Hoover, Bax & Slovacek, L.L.P., 6 S.W.3d 646, 649 (Tex. App.-El Paso 1999, orig. proceeding).

This question was settled by the supreme court in Pierce v. Reynolds, 160 Tex. 198, 329 S.W.2d 76 (1959). See also Schieffer v. Patterson, 433 S.W.2d 418 (Tex.1968). The court concluded that a final judgment in a severed action was appealable even if the severance was improper: "No matter how erroneous its conclusion and action may have been, it was within the judicial power of the court to determine that the cause was severable and to sever the same accordingly." Pierce, 160 Tex. at 202, 329 S.W.2d at 78. As this Court has recognized, Pierce and Schieffer hold "that the granting of a severance makes the judgment in the severed portion of the case final for purposes of appellate jurisdiction regardless of whether the severance was proper." Rutherford

*v. Whataburger, Inc.,* 601 S.W.2d 441, 443 (Tex.Civ.App.-Dallas 1980, writ ref'd n.r.e.). We have followed this rule and have considered the merits of the appeal even where the severance order was improper and done merely to obtain immediate appellate review. *Id.*

We emphasize that severance should not be used to obtain advisory opinions from the appellate court. *See Rutherford,* 601 S.W.2d at 443. However, consistent with current supreme court jurisprudence, a judgment that purports to be final, even if erroneously so, is final for purposes of appeal and we have jurisdiction to review the issues presented by the appeal. *See Ritzell v. Espeche,* 87 S.W.3d 536, 538 (Tex.2002); *Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 206 (Tex.2001); *Pierce,* 160 Tex. at 202, 329 S.W.2d at 79.

Because it affects our disposition of this case, we conclude that the severance was an abuse of discretion because a discovery sanction against an attorney for a party to litigation cannot stand as an independent lawsuit and the basis for the sanction order is interwoven with the other claims pending in the original lawsuit.[2] However, the improper severance does not deprive us of jurisdiction over this appeal.

### DISCOVERY SANCTIONS

A trial court's ruling on a motion for sanctions is reviewed for an abuse of discretion. *Cire v. Cummings,* 134 S.W.3d 835, 838 (Tex.2004). The test for an abuse of discretion is whether the trial court acted without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241 (Tex.1985). A trial court has no discretion

to determine what the law is or in applying the law to the facts. *See Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992).

Jones requested and the trial court filed findings of fact and conclusions of law regarding the sanctions order. The trial court did not file additional findings of fact and conclusions of law as requested by Jones. Findings of fact and conclusions of law filed in conjunction with a discovery sanction may be "helpful" in determining if the trial court exercised its discretion in a reasonable and principled fashion. *See Chrysler Corp. v. Blackmon,* 841 S.W.2d 844, 852 (Tex.1992) (orig. proceeding). However, they do not carry the same weight on appeal as findings made under rule 296, and are not binding on an appellate court reviewing the trial court's exercise of discretion. *See IKB Indus., Ltd. v. Pro-Line Corp.,* 938 S.W.2d 440, 442 (Tex. 1997) (stating order imposing discovery sanctions may be reversed for an abuse of discretion even if findings and evidence support it). Therefore, we reject American Flood's argument that Jones waived his complaints by not specifically challenging the trial court's conclusion that all of the actions "considered in toto" constituted an abuse of the discovery process by Jones. *See Mueller v. Beamalloy, Inc.,* 994 S.W.2d 855, 859 (Tex.App.-Houston [1st Dist.] 1999, no pet.).

We look to the order and the trial court's findings to determine the rule under which the trial court exercised its discretion to impose sanctions. *See Ford Motor Co. v. Tyson,* 943 S.W.2d 527, 533 (Tex.App.-Dallas 1997, orig. proceeding), *mand. granted in part on other grounds,*

---

**2.** A trial court has discretion to sever a cause of action where the (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted,

and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.,* 793 S.W.2d 652, 658 (Tex.1990); *see also* TEX.R. CIV. P. 41.

*In re Ford Motor Co.*, 988 S.W.2d 714 (Tex.1998). When the order or the findings refer to a specific rule, either by citation or by tracking its language, we are confined to determining whether the sanction was authorized and appropriate under that particular rule. *Id.*

■ Here American Floor moved for sanctions based on alleged discovery abuse under rule 215.3, and for violations of civil practice and remedies code sections 9.011 and 10.001 and rule 13. The order only imposed sanctions against Jones for "egregious discovery abuse." Moreover, the trial court's findings of fact and conclusions of law specifically state that Jones's actions constituted abuse of the discovery process under rule 215.3. Thus, our determination is limited to whether the trial court abused its discretion in imposing sanctions under rule 215.3.

Rule 215.3 requires a finding that a *party* is abusing the discovery process:

> If the court finds a *party* is abusing the discovery process in seeking, making or resisting discovery ... then the court in which the action is pending may, after notice and hearing, impose any appropriate sanction authorized by paragraphs (1), (2), (3), (4), (5), and (8) of Rule 215.2(b).

Tex.R. Civ. P. 215.3 (emphasis added). The sanctions available under rule 215.3 are limited to the specific subsections of rule 215.2(b) listed in rule 215.3. *Ford Motor*, 943 S.W.2d at 534. But if the court finds a party has abused the discovery process, two of the sanctions available in rule 215.2(b) allow the court to sanction the attorney advising the disobedient party: rule 215.2(b)(2) allows the court to charge either the disobedient party or the attorney advising him with the expenses of discovery or taxable court costs; and rule 215.2(b)(8) allows the court to require the disobedient party or the attorney advising

him, or both, to pay the reasonable expenses, including attorney fees, caused by the failure. Tex.R. Civ. P. 215.2(b).

In this case, the trial court refused to find that a party was abusing the discovery process. In fact, it expressly found that the employees—Jones's clients—did not abuse the discovery process by filing the motion to quash, the motion to recuse, or by failing to appear for depositions on January 6. The trial court did find that Jones abused the discovery process under rule 215.3 by each of these actions or failures singularly and in combination. However, a finding that the attorney rather than a party abused the discovery process is not a basis for sanctions under rule 215.3. Tex.R. Civ. P. 215.3. Therefore, the trial court acted without reference to guiding rules and principles in awarding sanctions against Jones under rule 215.3 absent a finding that a *party* was abusing the discovery process, as required by that rule. *See Walker*, 827 S.W.2d at 840 (stating trial court has no discretion to determine what law is or in applying law to facts).

Accordingly, the trial court abused its discretion in ordering the sanctions against Jones. We resolve Jones's first issue in his favor and reverse the trial court's sanction order. We need not address Jones's remaining issues. Because the severed case only involves the sanction order and cannot stand alone as an independent suit, we dismiss the case. Tex.R.App. P. 43.2(e).