AMERICAN FLOOD RESEARCH,
INC., Petitioner

v.

Harry JONES, Respondent.

No. 05–0271.

Supreme Court of Texas.

May 5, 2006.

Richard M. Abernathy, Charles J. Crawford, Abernathy Roeer, Boyd & Joplin, P.C., McKinney, for Respondent.

John R. Roach Jr., William D. Cramer, Roach LLP, Plano, for Petitioner.

PER CURIAM.

Attorney Harry Jones was sanctioned for discovery abuse committed in the course of representing a group of employees in a suit brought by American Flood Research, Inc. (AFR). Jones appealed the sanctions order, and the court of appeals reversed the judgment, holding that the trial court abused its discretion in imposing sanctions. Because the court of appeals erred in its review of the sanctions order, we reverse and remand the matter to that court for further proceedings.

AFR sued three of its former employees in state district court for trade secret violations and destruction of company property. Concurrently, the employees sued AFR in federal court for employment discrimination. Initially, the employees were represented by attorney Jones in both suits. During the course of discovery, the parties disagreed over which side would be deposed first. AFR first noticed the employees' depositions for mid-December 2002. The employees, through Jones, moved to quash those depositions and requested a hearing. A few weeks later, however, the employees withdrew the motion, and AFR moved to compel the depositions. The state trial court conducted a hearing and ordered the employees' depositions to begin on January 6, 2003. Shortly thereafter, the employees moved for reconsideration of this order and to recuse the trial judge, arguing that he was biased against attorney Jones. A hearing on the motions was scheduled for January 10, 2003. In the meantime, Jones notified AFR that the employees would not appear for depositions until the motions had been ruled upon. As promised, his clients did not appear on January 6. The employees later withdrew their recusal motion and then abandoned their motion for reconsideration.

On January 15, 2003, the employees terminated Jones, who then withdrew as counsel of record. AFR moved for sanctions—pursuant to Texas Rules of Civil Procedure 13 and 215 and Texas Civil Practice and Remedies Code sections 9.012 and 10.012—against both the employees and Jones, alleging discovery abuse. After an evidentiary hearing, the trial court sanctioned only Jones, ordering him to pay AFR $15,000. At Jones's request, the court issued findings of fact and conclusions of law, in which the court found that while the employees did not abuse the discovery process, Jones's conduct was sanctionable under Rule of Civil Procedure 215.3. The trial court granted Jones's motion to sever the sanctions order against him for purposes of appeal.

On appeal, Jones argued that his actions did not amount to discovery abuse and, alternatively, that the sanction amount was excessive. Because the trial court found that the attorney, but not the party, abused the discovery process, the court of appeals held that the trial court abused its discretion in imposing sanctions on Jones, since sanctions under Rule 215.3 are reserved for discovery abuse by "a party."[1] 153 S.W.3d 718, 724. AFR now petitions for review, arguing that the court of appeals erred in reversing the sanctions order.

■ We review a trial court's imposition of sanctions for an abuse of discretion. *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex.2004). The ruling will be reversed only if the trial court acted "without reference to any guiding rules and principles," such that its ruling was arbitrary or unreasonable. *Id.* at 839. In determining whether the trial court abused its discretion, the appellate court must ensure that the sanctions were appropriate or just. *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 916 (Tex.1991). We have articulated a two-part inquiry that appellate courts must conduct in making this determination. *Id.* at 917. First, the court must ensure that there is a direct relationship between the improper conduct and the sanction imposed; in other words, the court should examine whether punishment was imposed upon the true offender and tailored to remedy any prejudice discovery abuse caused. *Id.* Thus, the trial court must determine whether sanctions should be imposed on the party, its counsel, or both. *Id.* Second, the court must make certain that less severe sanctions would not have been sufficient to promote compliance. *Id.*

■ In this case, the court of appeals reversed the sanctions order after holding that a trial court must specifically find that the party—not just the attorney—abused the discovery process in order to impose sanctions under Texas Rule of Civil Procedure 215.3. 153 S.W.3d at 724. We disagree. A trial court's discretion to impose sanctions does not depend on whether it issues a specific finding that the "party"—in this case, the employees—abused the discovery process. In reviewing sanctions orders, the appellate courts are not bound by a trial court's findings of fact and conclusions of law; rather, appellate courts must independently review the entire record to determine whether the trial court abused its discretion. *See Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 852 (Tex. 1992) (citing *United States Fidelity & Guar. Co. v. Rossa*, 830 S.W.2d 668, 672 (Tex.App.—Waco 1992, writ denied)). Thus, the court of appeals should have examined the entire record—not merely the trial court's findings of fact and conclusions of law—to determine whether the trial court properly sanctioned Jones.

The order imposing sanctions neither referred to a specific rule nor tracked the language of any particular rule; thus, contrary to the court of appeals' analysis, whether the trial court properly sanctioned Jones is not governed by Rule 215.3 alone. *Contra Metzger v. Sebek*, 892 S.W.2d 20, 51 (Tex.App.—Houston [1st Dist.] 1994, writ denied) (holding that when a sanctions order names a specific rule or tracks a rule's language, the appellate court is confined to determining whether sanctions are proper

---

1. The rule states, in relevant part:
   If the court finds a *party* is abusing the discovery process in seeking, making or resisting discovery ..., then the court ... may, after notice and hearing, impose any appropriate sanction authorized by paragraphs (1), (2), (3), (4), (5), and (8) of Rule 215.2(b).
   TEX. R. CIV. P. 215.3 (emphasis added).

under that rule alone). Here, there is ample evidence to support a sanction against Jones pursuant to Texas Rule of Civil Procedure 215.2, a rule AFR cited in its motion for sanctions. Rule 215.2 provides that the trial court may impose sanctions against the party *or the attorney advising the party* when the party fails to comply with an order to permit discovery. TEX. R. CIV. P. 215.2(b); *see also* TEX. R. CIV. P. 215.1(a) (allowing for court orders compelling depositions).

Our review reveals that the employees did not obey the court's order compelling depositions. On his clients' behalf, Jones moved for reconsideration of the order compelling depositions and also moved to recuse the presiding judge. Neither the employees nor Jones, however, moved to stay the depositions, as the Rules of Civil Procedure allow. *See, e.g.,* TEX. R. CIV. P. 199.4 (motion objecting to time and place of depositions filed within three days of receiving notice of them automatically stays depositions until motion is heard). Rather, Jones simply informed AFR that the employees would not appear on January 6, in direct violation of the court's order. As soon as the deposition date passed, however, Jones moved to continue the motion to reconsider and withdrew the motion to recuse. The employees never rescheduled a hearing on the motion to reconsider. A week after the employees missed their deposition date, they terminated Jones, and he withdrew as counsel of record.

■ While there is no direct evidence that the employees knew of the depositions and deliberately failed to attend, in the context of an enduring attorney-client relationship, knowledge acquired by the attorney is imputed to the client. *See Gavenda v. Strata Energy, Inc.,* 705 S.W.2d 690, 693 (Tex.1986) (noting that the "attorney-client relationship is an agency relationship").

Jones was present when the trial judge ordered in open court that depositions begin January 6, yet neither Jones nor the employees appeared. Thus, a Rule 215.2 prerequisite to imposing sanctions—a party's failure to comply with an order to permit discovery—was satisfied. *See* TEX. R. CIV. P. 215.2(b). Accordingly, the trial court, after serving notice and holding a hearing, had the discretion to impose any "just" sanction authorized by Rule 215.2(b). *Id.* Paragraphs (2) and (8) of Rule 215.2(b) allow the trial court to impose sanctions against the party *or the attorney advising the party,* which may include charging the sanctioned individual for court costs or the reasonable expenses caused by the failure to comply with the discovery order. TEX. R. CIV. P. 215.2(b)(2), (b)(8).

■ Our holding in *TransAmerican* required the trial court to determine whether sanctions should be imposed on the employees, Jones, or both. *See TransAmerican,* 811 S.W.2d at 917. Sanctions may be visited exclusively on the attorney if the evidence demonstrates that the offensive conduct is attributable to counsel alone. *See id.* (holding that "a party should not be punished for counsel's conduct in which it is not implicated apart from having entrusted to counsel its legal representation"). Here, the employees' noncompliance with the discovery order can be attributed to Jones's advice and conduct during the course of his representation. Specifically, the record supports the trial court's finding that Jones's dilatory tactics and his refusal to produce the employees for examination directly violated the trial court's order. The employees, who required a translator when making court appearances, were particularly dependent on Jones's advice during the course of litigation. Because the record supports a finding that only Jones's con-

duct was sanctionable, the trial court was within its discretion to impose sanctions on him alone and, therefore, the court of appeals erred in reversing the sanctions order.

Jones also complains, however, that the amount of the sanctions imposed—$15,000—was excessive. *See* TEX. R. CIV. P. 215.2, 215.3 (requiring that sanctions be "just" or "appropriate"). As we held in *TransAmerican*, when an appellate court reviews a sanctions order, it must ensure not only that sanctions are visited upon the true offender, but that less severe sanctions would not promote compliance. 811 S.W.2d at 917. Because the court of appeals' holding that the trial court erred in imposing sanctions disposed of the case, it did not complete the two-part *TransAmerican* inquiry. Thus, we remand this matter to the court of appeals for that analysis.

Accordingly, without hearing oral argument, we reverse the court of appeals' judgment and remand to that court for further proceedings consistent with this opinion. *See* TEX. R. APP. P. 59.1, 60.2(d).