IN THE SUPREME COURT OF TEXAS






IN THE SUPREME COURT OF TEXAS
 
════════════
No. 05–0271
════════════
 
American Flood Research, 
Inc., Petitioner
 
v. 
 
Harry Jones, 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Fifth District of 
Texas
════════════════════════════════════════════════════
 
 
PER CURIAM
 
Attorney 
Harry Jones was sanctioned for discovery abuse committed in the course of 
representing a group of employees in a suit brought by American Flood Research, 
Inc. (AFR). Jones appealed the sanctions order, and the court of appeals 
reversed the judgment, holding that the trial court abused its discretion in 
imposing sanctions. Because the court of appeals erred in its review of the 
sanctions order, we reverse and remand the matter to that court for further 
proceedings.

AFR sued 
three of its former employees in state district court for trade secret 
violations and destruction of company property. Concurrently, the employees sued 
AFR in federal court for employment discrimination. Initially, the employees 
were represented by attorney Jones in both suits. During the course of 
discovery, the parties disagreed over which side would be deposed first. AFR 
first noticed the employees’ depositions for mid-December 2002. The employees, 
through Jones, moved to quash those depositions and requested a hearing. A few 
weeks later, however, the employees withdrew the motion, and AFR moved to compel 
the depositions. The state trial court conducted a hearing and ordered the 
employees’ depositions to begin on January 6, 2003. Shortly thereafter, the 
employees moved for reconsideration of this order and to recuse the trial judge, 
arguing that he was biased against attorney Jones. A hearing on the motions was 
scheduled for January 10, 2003. In the meantime, Jones notified AFR that the 
employees would not appear for depositions until the motions had been ruled 
upon. As promised, his clients did not appear on January 6. The employees later 
withdrew their recusal motion and then abandoned their motion for 
reconsideration.
On January 
15, 2003, the employees terminated Jones, who then withdrew as counsel of 
record. AFR moved for sanctions–pursuant to Texas Rules of Civil Procedure 13 
and 215 and Texas Civil Practice and Remedies Code sections 9.012 and 
10.012–against both the employees and Jones, alleging discovery abuse. After an 
evidentiary hearing, the trial court sanctioned only Jones, ordering him to pay 
AFR $15,000. At Jones’s request, the court issued findings of fact and 
conclusions of law, in which the court found that while the employees did not 
abuse the discovery process, Jones’s conduct was sanctionable under Rule of 
Civil Procedure 215.3. The trial court granted Jones’s motion to sever the 
sanctions order against him for purposes of appeal.

On appeal, 
Jones argued that his actions did not amount to discovery abuse and, 
alternatively, that the sanction amount was excessive. Because the trial court 
found that the attorney, but not the party, abused the discovery process, the 
court of appeals held that the trial court abused its discretion in imposing 
sanctions on Jones, since sanctions under Rule 215.3 are reserved for discovery 
abuse by “a party.”[1] 153 S.W.3d 718, 724. AFR 
now petitions for review, arguing that the court of appeals erred in reversing 
the sanctions order.   
We review a 
trial court’s imposition of sanctions for an abuse of discretion. Cire v. 
Cummings, 134 S.W.3d 835, 838 (Tex. 2004). The ruling will be reversed only 
if the trial court acted “without reference to any guiding rules and 
principles,” such that its ruling was arbitrary or unreasonable. Id. at 
839. In determining whether the trial court abused its discretion, the appellate 
court must ensure that the sanctions were appropriate or just. TransAmerican 
Nat. Gas Corp. v. Powell, 811 S.W.2d 913, 916 (Tex. 1991). We have 
articulated a two-part inquiry that appellate courts must conduct in making this 
determination. Id. at 917. First, the court must ensure that there is a 
direct relationship between the improper conduct and the sanction imposed; in 
other words, the court should examine whether punishment was imposed upon the 
true offender and tailored to remedy any prejudice discovery abuse caused. 
Id. Thus, the trial court must determine whether sanctions should be 
imposed on the party, its counsel, or both. Id. Second, the court must 
make certain that less severe sanctions would not have been sufficient to 
promote compliance. Id. 

In this case, 
the court of appeals reversed the sanctions order after holding that a trial 
court must specifically find that the party–not just the attorney–abused the 
discovery process in order to impose sanctions under Texas Rule of Civil 
Procedure 215.3. 153 S.W.3d at 724. We disagree. A trial court’s discretion to 
impose sanctions does not depend on whether it issues a specific finding that 
the “party”–in this case, the employees–abused the discovery process. In 
reviewing sanctions orders, the appellate courts are not bound by a trial 
court’s findings of fact and conclusions of law; rather, appellate courts must 
independently review the entire record to determine whether the trial court 
abused its discretion. See Chrysler Corp. v. Blackmon, 841 S.W.2d 844, 
852 (Tex. 1992) (citing Rossa v. United States Fidelity & Guar. 
Co., 830 S.W.2d 668, 672 (Tex. App.–Waco 1992, writ denied)). Thus, the 
court of appeals should have examined the entire record–not merely the trial 
court’s findings of fact and conclusions of law–to determine whether the trial 
court properly sanctioned Jones.
The order 
imposing sanctions neither referred to a specific rule nor tracked the language 
of any particular rule; thus, contrary to the court of appeals’ analysis, 
whether the trial court properly sanctioned Jones is not governed by Rule 215.3 
alone. Contra Metzger v. Sebek, 892 S.W.2d 20, 51 (Tex. App.–Houston [1st 
Dist.] 1994, writ denied) (holding that when a sanctions order names a specific 
rule or tracks a rule’s language, the appellate court is confined to determining 
whether sanctions are proper under that rule alone). Here, there is ample 
evidence to support a sanction against Jones pursuant to Texas Rule of Civil 
Procedure 215.2, a rule AFR cited in its motion for sanctions. Rule 215.2 
provides that the trial court may impose sanctions against the party or the 
attorney advising the party when the party fails to comply with an order to 
permit discovery. Tex. R. Civ. P. 
215.2(b); see also Tex. R. Civ. P. 215.1(a) (allowing for 
court orders compelling depositions). 

Our review 
reveals that the employees did not obey the court’s order compelling 
depositions. On his clients’ behalf, Jones moved for reconsideration of the 
order compelling depositions and also moved to recuse the presiding judge. 
Neither the employees nor Jones, however, moved to stay the depositions, as the 
Rules of Civil Procedure allow. See, e.g., Tex. R. Civ. P. 199.4 (motion objecting 
to time and place of depositions filed within three days of receiving notice of 
them automatically stays depositions until motion is heard). Rather, Jones 
simply informed AFR that the employees would not appear on January 6, in direct 
violation of the court’s order. As soon as the deposition date passed, however, 
Jones moved to continue the motion to reconsider and withdrew the motion to 
recuse. The employees never rescheduled a hearing on the motion to reconsider. A 
week after the employees missed their deposition date, they terminated Jones, 
and he withdrew as counsel of record.

While there 
is no direct evidence that the employees knew of the depositions and 
deliberately failed to attend, in the context of an enduring attorney-client 
relationship, knowledge acquired by the attorney is imputed to the client. 
See Gavenda v. Strata Energy, Inc., 705 S.W.2d 690, 693 (Tex. 1986) 
(noting that the “attorney-client relationship is an agency relationship”). 
Jones was present when the trial judge ordered in open court that depositions 
begin January 6, yet neither Jones nor the employees appeared. Thus, a Rule 
215.2 prerequisite to imposing sanctions–a party’s failure to comply with an 
order to permit discovery–was satisfied. See Tex. R. Civ. P. 215.2(b). Accordingly, 
the trial court, after serving notice and holding a hearing, had the discretion 
to impose any “just” sanction authorized by Rule 215.2(b).  Id. 
Paragraphs (2) and (8) of Rule 215.2(b) allow the trial court to impose 
sanctions against the party or the attorney advising the party, which may 
include charging the sanctioned individual for court costs or the reasonable 
expenses caused by the failure to comply with the discovery order. Tex. R. Civ. P. 215.2(b)(2), 
(b)(8).
Our holding 
in TransAmerican required the trial court to determine whether sanctions 
should be imposed on the employees, Jones, or both. See TransAmerican, 
811 S.W.2d at 917. Sanctions may be visited exclusively on the attorney if 
the evidence demonstrates that the offensive conduct is attributable to counsel 
alone. See id. (holding that “a party should not be punished for 
counsel’s conduct in which it is not implicated apart from having entrusted to 
counsel its legal representation”). Here, the employees’ noncompliance with the 
discovery order can be attributed to Jones’s advice and conduct during the 
course of his representation. Specifically, the record supports the trial 
court’s finding that Jones’s dilatory tactics and his refusal to produce the 
employees for examination directly violated the trial court’s order. The 
employees, who required a translator when making court appearances, were 
particularly dependent on Jones’s advice during the course of litigation. 
Because the record supports a finding that only Jones’s conduct was 
sanctionable, the trial court was within its discretion to impose sanctions on 
him alone and, therefore, the court of appeals erred in reversing the sanctions 
order. 

Jones also 
complains, however, that the amount of the sanctions imposed–$15,000–was 
excessive. See Tex. R. Civ. P. 
215.2, 215.3 (requiring that sanctions be “just” or “appropriate”). As we 
held in TransAmerican, when an appellate court reviews a sanctions order, 
it must ensure not only that sanctions are visited upon the true offender, but 
that less severe sanctions would not promote compliance. 811 S.W.2d at 917. 
Because the court of appeals’ holding that the trial court erred in imposing 
sanctions disposed of the case, it did not complete the two-part 
TransAmerican inquiry. Thus, we remand this matter to the court of 
appeals for that analysis.
Accordingly, 
without hearing oral argument, we reverse the court of appeals’ judgment and 
remand to that court for further proceedings consistent with this opinion. 
See Tex. R. App. P. 59.1, 
60.2(d).
 
 
Opinion 
Delivered: May 5, 2006
 
 
 




[1] The rule states, in relevant part:
 
If the court finds a party is abusing the 
discovery process in seeking, making or resisting discovery . . . , then the 
court . . . may, after notice and hearing, impose any appropriate sanction 
authorized by paragraphs (1), (2), (3), (4), (5), and (8) of Rule 215.2(b). 

 
Tex. R. Civ. P. 215.3 (emphasis 
added).