**Harry JONES, Appellant,**

v.

**AMERICAN FLOOD RESEARCH, INC., Appellee.**

No. 05–03–01023–CV.

Court of Appeals of Texas, Dallas.

April 3, 2007.

Richard Abernathy, Abernathy Roeder Boyd & Joplin, P.C., McKinney, for Appellant.

John R. Roach, Jr., Roach, LLP, William D. Cramer, Plano, for Appellee.

Before Justices MOSELEY, BRIDGES, and LANG–MIERS.

### OPINION ON REMAND

Opinion by Justice MOSELEY.

This is a sanctions case. Attorney Harry Jones appeals a discovery sanction entered against him during his representation of three former employees of American Flood Research, Inc. in a trade secret lawsuit. On original submission, we concluded the trial court abused its

discretion by sanctioning Jones under rule 215.3 because it did not find that a party was abusing the discovery process. TEX.R. CIV. P. 215.3; *Jones v. Am. Flood Research, Inc.,* 153 S.W.3d 718 (Tex.App.-Dallas 2005).[1] The Texas Supreme Court, however, concluded there was evidence to support a sanction against Jones under rule 215.2(b), a provision cited in the motion for sanctions but not in the sanctions order or the trial court's conclusions of law. *See Am. Flood Research, Inc. v. Jones,* 192 S.W.3d 581 (Tex.2006). Thus the supreme court reversed our judgment and remanded to this court to consider the second prong of the *Trans-American* analysis-whether the $15,000 sanction was excessive. *See TransAmerican Nat. Gas Corp. v. Powell,* 811 S.W.2d 913, 917 (Tex.1991). Concluding that it is, we reverse the sanctions order and dismiss the case.

As described in our prior opinion, the discovery proceedings in this case and a parallel federal proceeding were contentious; both sides resisted discovery and filed multiple motions seeking to compel or limit discovery. The dispute relevant to this appeal revolved around the question of which party would get to take depositions first.

After attempting to schedule the former employees' depositions in December 2002, AFR filed a motion to compel the depositions. On December 20, 2002, at the hearing on the motion, the trial court stated that AFR "get[s] to start on the 6th [of January]. Work out a time between the four of you, or I'll micromanage your lawsuit for you. I prefer not to micromanage your lawsuit." The trial court also stated "I'm assuming deposition notices will say the 6th, and they will run until they're concluded." The trial court did not enter

---

1. A more detailed review of the facts is set    forth in this opinion.

a written order on the motion; also, there is no evidence AFR and the former employees (working through Jones) agreed to a time or place for the depositions or that AFR sent notices scheduling the former employees' depositions for January 6.

The former employees later filed a motion for reconsideration and a motion to recuse the trial judge. Jones notified AFR that his clients would not appear for depositions on January 6 because of the pending motions. True to Jones's statement, they did not appear on January 6; however, they later withdrew the motion to recuse and abandoned the motion for reconsideration.

On January 13, 2003, AFR filed a motion for contempt and for sanctions seeking to hold the former employees and Jones in contempt for not appearing at depositions beginning January 6 as "ordered" on December 20, 2002.[2] On January 15, Jones notified the court and parties that he had been terminated by his clients and withdrew as counsel. On January 20, 2003, the former employees, represented by new counsel, appeared for their depositions and asserted their Fifth Amendment privilege against self-incrimination in response to most questions.

In February, AFR moved for sanctions against the former employees and Jones based in part on its position that "the prosecution and defense of this case would be overburdensome and unfair if the Defendants were to plead the Fifth Amendment protections during depositions." AFR asserted the case was reinstated after the agreed abatement based on Jones's representation to the trial court that his clients would not assert the Fifth Amendment privilege in discovery. The sanctions motion sought sanctions against the former employees and Jones for AFR's attorneys' fees and expenses spent on discovery since the reinstatement, an amount of over $80,000. The motion asserted AFR was entitled to sanctions under sections 9.011 and 10.001 of the civil practice and remedies code and under Texas Rules of Civil Procedure 13, 215.2, and 215.3.

After a hearing, a visiting judge entered a $15,000 sanction award against Jones for "egregious discovery abuse." The order did not cite any particular rule as a basis for sanctions, but the trial court's conclusions of law determined that the actions described in the fact findings "constitute[d] abuse of the discovery process under TEX.R. CIV. P. 215.3 by [Jones]." The conclusions of law also stated that the conduct did not constitute a violation of sections 9.011 or 10.001 of the civil practice and remedies code or of Texas Rule of Civil Procedure 13. (The order and the findings of fact/conclusions of law were silent as to whether Jones violated rule 215.2.)

On original submission, we reversed because the only ground for sanctions set forth in the trial court's conclusions of law—rule 215.3—deals with a *party's* abuse of the discovery process, and the trial court specifically found that Jones's clients did not abuse the discovery process.

AFR appealed, and the Texas Supreme Court reversed. The supreme court's per curiam opinion held that "whether the trial

---

**2.** This motion was heard on January 16, 2003. Jones did not attend the hearing but the employees appeared with their new attorney. The trial court found the employees and Jones in contempt of court, ordered the employees confined for three days, but suspended the confinement if they appeared for depositions no later than February 15, 2003. Jones was ordered to appear and show cause why he should not be confined for three days. The order also sanctioned the employees and Jones for attorneys' fees of $8000 and costs of $1000. However, this order was later vacated by the trial court. We do not have a record of the hearing.

court properly sanctioned Jones is not governed by Rule 215.3 alone." *Am. Flood,* 192 S.W.3d at 583. It stated "there is ample evidence to support a sanction against Jones pursuant to Texas Rule of Civil Procedure 215.2, a rule AFR cited in its motion for sanctions." *Id.*

The supreme court opinion stated Rule 215.2 authorized "sanctions against the party *or the attorney advising the party* when the party fails to comply with an order to permit discovery. TEX.R. CIV. P. 215.2(b); *see also* TEX.R. CIV. P. 215.1(a) (allowing for court orders compelling depositions)." *Id.* at 584 (emphasis original). The opinion went on to hold that the "employees did not obey the court's order compelling depositions." *Id.* It thus reversed this Court's judgment and remanded the case to us to consider whether less severe sanctions would have been sufficient to promote compliance. *See id.* at 585; *TransAmerican,* 811 S.W.2d at 916.

Discovery sanctions serve three legitimate purposes: (1) to secure compliance with discovery rules; (2) to deter other litigants from similar misconduct; and (3) to punish violators. *Chrysler Corp. v. Blackmon,* 841 S.W.2d 844, 849 (Tex. 1992). We must ensure that the sanctions are appropriate or just. *TransAmerican,* 811 S.W.2d at 916. There must be a direct relationship between the improper conduct and the sanction imposed. *Id.* at 917. We must also make certain that less severe sanctions would not have been sufficient to promote compliance. *Id.* "A sanction imposed for discovery abuse should be no more severe than necessary to satisfy its legitimate purposes. It follows that a court must consider the availability of less stringent sanctions and whether such lesser sanctions would fully promote compliance." *Id.*

We have reviewed the entire record and find no explanation for how the trial court arrived at the $15,000 amount of the sanction. The sanctions order does not explain the trial court's reasons for using this amount, nor do the findings of fact or the record of the sanctions hearing. Nor does the record reflect that the trial court considered lesser sanctions and whether they would promote compliance before imposing the $15,000 sanction. AFR requested a sanction of over $80,000 and presented testimony and billing records of its attorneys regarding the amount of attorneys' fees and expenses it incurred in connection with responding to written discovery, producing documents, and handling discovery motions and other discovery related matters. AFR contended that based on Jones's representation in open court that his clients would not invoke the privilege, the case was reinstated and AFR incurred over $80,000 in attorneys' fees in connection with discovery, but, after Jones was fired, the employees appeared for depositions with new counsel and invoked the Fifth Amendment privilege.

The supreme court concluded Jones's sanctionable conduct was failing to produce his clients for depositions on January 6—not in representing that his clients would never invoke the Fifth Amendment privilege. *Am. Flood,* 192 S.W.3d at 584 ("Jones was present when the trial judge ordered in open court that depositions begin January 6, yet neither Jones nor the employees appeared."). Yet AFR did not segregate or show the amount of attorneys' fees and expenses actually caused by the failure of the employees to appear for depositions beginning January 6, 2003. Rather, it stood by its demand for its attorneys' fees for responding to and obtaining discovery following reinstatement of the case. The evidence included discovery related attorneys' fees from July 2002 to the date of the sanctions hearing, March 12, 2003.

Thus, the trial court was not presented with evidence showing the amount of fees and expenses caused by the failure to appear at the January 6 depositions. The employees appeared for depositions on January 20, 2003, fourteen days later. The record does not indicate how much this delay cost AFR. We conclude the record does not show a direct relationship between the improper conduct—failure to appear at depositions—and the sanction imposed—$15,000.

Further, neither the record, the sanctions order, nor the findings of fact indicate that the trial court considered lesser sanctions before imposing the $15,000 sanction against Jones. At the time the sanction was imposed, the employees had complied, albeit untimely, with the trial court's discovery order. Thus, one of the purposes of discovery sanctions—compliance—had been accomplished. While sanctions also serve to punish offenders and deter others, these purposes could have been served by less severe sanctions. *See Fethkenher v. Kroger Co.,* 139 S.W.3d 24, 36–37 (Tex.App.-Fort Worth 2004, no pet.) ($1500 sanction against attorney for failure to produce client for deposition was excessive). We conclude the $15,000 sanction against Jones for the failure of his clients to appear for depositions was excessive in this case and an abuse of the trial court's discretion.

We sustain Jones's second and third issues. We reverse the trial court's sanctions order. Because the severed case involves only the sanctions order and cannot stand alone as an independent suit, *see Am. Flood,* 153 S.W.3d at 722–23, we dismiss the case. TEX.R.APP. P. 43.2(e).