Opinion issued April 3, 2008











 

 





In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-07-00117-CV
  __________
 
LISA VO CURTTRIGHT, Appellant
 
V.
 
PAUL EASTON CURTTRIGHT, Appellee
 

 
 
On Appeal from the 245th District Court
Harris County, Texas
Trial Court Cause No. 2006-64321
 

 
 
MEMORANDUM OPINION
          In this divorce case, Lisa Vo Curttright appeals the award of sanctions to Paul
Easton Curttright, which included expenses and attorney’s fees. In two issues, Lisa
contends that the trial court abused its discretion by (1) issuing its order granting
sanctions because Lisa was released in the divorce decree and (2) granting Paul’s
motion for sanctions when the motion was not properly pled.
          We affirm.
 Background
          Paul and Lisa both filed for divorce. They mediated their divorce and agreed
that the case would be finalized by January 15, 2007. On January 3, 2007, almost two
weeks before the divorce was to be finalized, Paul e-mailed Lisa a draft of the divorce
decree. On the same day, Lisa confirmed that Paul, who lived in California, could
retrieve his property from the couple’s home on January 13. Paul rented a moving
truck, rented storage space for the articles he planned to remove from their home, and
was en route from California when Lisa’s attorney notified his attorney that Lisa
would no longer allow Paul to remove his possessions on the agreed upon date. Lisa
was notified that Paul had already incurred expenses, and Paul filed a motion for
sanctions. Paul sought sanctions pursuant to rules 13 and 215 of the Texas Rules of
Civil Procedure and sections 9.001 and 10.001 of the Civil Practice and Remedies
Code. 
          The trial court conducted a hearing on the motion for sanctions
contemporaneously with Paul’s motion for entry of the agreed final decree of divorce.
The trial court granted Paul’s motion for sanctions, awarded sanctions, and signed the
agreed final decree of divorce. The trial court’s award did not specify under what
theory sanctions were awarded.
          Lisa appeals the sanctions award.
                                                          Sanctions
          In two related issues, Lisa argues that the trial court abused its discretion by
granting sanctions against her because (1) the divorce decree released her from Paul’s
sanctions claim and (2) the motion for sanctions was not properly pled and the trial
court did not make particular findings in its order. 
Applicable Law and Standard of Review
          We review the imposition of sanctions here under the abuse of discretion
standard. See Am. Flood Research, Inc. v. Jones, 192 S.W.3d 581, 583 (Tex. 2006). 
We may reverse the trial court’s ruling only if the trial court acted without reference
to any guiding rules or principles, such that its ruling was arbitrary or unreasonable. 
Cire v. Cummings, 134 S.W.3d 835, 838–39 (Tex. 2004). To determine if the
sanctions were appropriate or just, the appellate court must ensure there is a direct
nexus between the improper conduct and the sanction imposed. Spohn Hosp. v.
Mayer, 104 S.W.3d 878, 882 (Tex. 2003). 
Released by Divorce Decree
          In issue one, Lisa argues that the trial court abused its discretion by granting
sanctions against her because the following provision of the divorce decree released
her from Paul’s motion for sanctions. 
          12.0   Other Causes of Action for Whatever Nature
PAUL CURTTRIGHT stipulates and agrees and does hereby
RELEASE, ACQUIT and FOREVER DISCHARGE, and by these
presents does for himself, his heirs, executors, administrators, legal
representatives and assigns, RELEASE, ACQUIT and FOREVER
DISCHARGE LISA VO CURTTRIGHT from any and all claims,
demands, actions, and causes of action of whatsoever nature, whether in
contract or tort, or for any and all damages, of whatever nature,
including but not limited to property damages, monetary damages, past
medical expenses, future medical expenses, past pain and suffering,
future pain and suffering, past impairment, future impairment, past lost
wages, future lost wages, expenses and interest which have accrued, for
may accrue to him, his heirs, executor, legal representative,
administrator or assign for or on account of any and all alleged assault,
transmission of sexual disease and/or tortious interference with business
relations as more fully described in Petitioner’s Second Amended
petition for Divorce[.]

During the motion for sanctions hearing, the trial court heard testimony from Paul and
the attorneys for both sides. At the conclusion of the hearing, the trial court awarded
Paul $3,941.02 to reimburse his expenses incurred as a result of Lisa’s failure to turn
over his property on the pre-designated date and $2,130 in attorney’s fees. 
Afterwards, the trial court ruled “I’ll approve and adopt the decree and grant
conditioned by those documents


 being exchanged today. If they’re not exchanged,
then I’ll vacate the divorce until they’re exchanged. That way you don’t have to
come back if everybody gets them.” 
          While the clerk’s record reflects that the divorce decree and the sanctions order
were entered on the same day, the reporter’s record clearly shows that the motion for
sanctions was considered before the final divorce decree was entered. We hold that
Lisa has not shown that the trial court abused its discretion in granting sanctions
against her.
          We overrule issue one.
Motion Improperly Pled and Inadequate Findings        
           In issue two, Lisa contends that the trial court abused its discretion by issuing
an order for sanctions because the motion for sanctions was not properly pled and
because the trial court did not make particular findings in its order. Specifically,
appellant complains that, “because the trial court’s order did not comply with Rule
13, the court abused its discretion in granting the order and should be reversed.”
          Paul sought sanctions pursuant to rules 13 and 215 of the Texas Rules of Civil
Procedure and sections 9.001 and 10.001 of the Civil Practice and Remedies Code. 
The trial court’s award did not specify under what theory sanctions were awarded;
therefore, we cannot presume that the sanction was awarded pursuant to rule 13. Lisa
does not challenge the adequacy of the sanctions under rule 215 or sections 9.001 or
10.001. 
          Lisa also argues that the motion for sanctions should have been overruled as
a matter of law because Paul never alleged that Lisa filed frivolous pleadings or
abused the discovery process. Lisa did not raise this complaint in the trial court and
has thus waived review. See Tex. R. App. P. 33.1.
          Accordingly, we hold that Lisa has not shown that the trial court abused its
discretion by issuing an order for sanctions, and we overrule issue two.
Conclusion
          We affirm the trial court’s judgment.
 
 
                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Nuchia, Hanks, and Higley.