In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-09-00207-CV


____________________



IN RE CLEVELAND RADIOLOGY ASSOCIATES, P.A.,


HORIZON RADIOLOGY, P.A., AND FRANK POWELL


 




Original Proceeding






MEMORANDUM OPINION



 Cleveland Radiology Associates, P.A., Horizon Radiology, P.A., and Frank Powell
seek mandamus relief from a "death penalty" discovery sanctions order. In three issues,
relators contend the trial court abused its discretion by: (1) issuing "death penalty" sanctions
without notice or a hearing; (2) striking relators' pleadings without a direct relationship
between the alleged misconduct and the sanction imposed; and (3) issuing an excessive
sanction in light of the alleged misconduct. We conditionally grant mandamus relief.

 Mandamus relief is appropriate when the trial court improperly issues case-
determinative sanctions in an interlocutory order. In re Carnival Corp., 193 S.W.3d 229, 233
(Tex. App.--Houston [1st Dist.] 2006, orig. proceeding); In re Polaris Indus., Inc., 65 S.W.3d
746, 750 (Tex. App.--Beaumont 2001, orig. proceeding [mand. denied]). The trial court may
impose an appropriate sanction for abuse of the discovery process. Tex. R. Civ. P. 215.3. 
We independently review the entire record to determine whether the trial court abused its
discretion in imposing sanctions. Am. Flood Research, Inc. v. Jones, 192 S.W.3d 581, 583
(Tex. 2006). First, we examine whether the trial court punished the true offender and tailored
the sanction to remedy any prejudice caused by discovery abuse. Id. Second, "the court must
make certain that less severe sanctions would not have been sufficient to promote
compliance." Id. (citation omitted).

 The underlying litigation involves a dispute regarding a medical professional services
agreement. Various tort and contract claims have been asserted by and against the relators
and the real parties in interest, Kristin Coleman, M.D., Kristin Coleman, M.D., P.A., Richard
Perches, M.D., and Radiology Imaging Associates, PLLC. The trial court heard relators'
motion for a temporary injunction to enforce a covenant not to compete on September 30,
2008. During this hearing, the trial court inquired into the progress of discovery. In an
apparent attempt to tailor discovery, the trial court asked counsel for the real parties to be
more specific about what membership or partnership agreements they were seeking. After
being informed by relators' counsel that the individual defendants had partnership
agreements unrelated to the dispute, the trial court stated, "No, we're only interested in these
two radiology things." Relators' counsel noted that there has not been a formal request for
certain tax returns and that they might have confidentiality issues that would require a
protective order. The trial court directed real parties' counsel to send a formal request. In
November, relators objected to a number of requests for production, including an overbreadth
objection to number twenty-one, which asked for "[a]ny membership or partnership
agreement between Dr. Powell and Dr. Truong." The real parties filed a motion to compel
and requested sanctions.

 On December 3, 2008, the trial court gave the parties an April 20, 2009, trial setting. 
On December 30, 2008, the trial court signed an order that compelled relators to "produce
all membership or partnership agreements between Dr. Powell and Dr. Truong pursuant to
the express language and time frame as requested in Plaintiff's Request for Production
Number 21[.]" The order stated as follows: "The Court hereby puts all parties on notice that
Defendant parties to this claim will be sanctioned if, in direct contravention of this Order are
shown to participate in any further refusal to meaningfully and truthfully respond to
deposition questioning regarding any entity/entities that parties belonged to during time
periods relevant to the claim." The trial court ordered Powell to submit to another deposition
and ordered relators to pay $2,850 as attorney's fees to the real parties within fifteen days. 
 On February 27, 2009, the real parties filed a motion for contempt that alleged that
relators violated the December 30 order: (1) by paying the attorney's fees into the registry
of the court; and (2) by failing to produce copies of all membership or partnership
agreements between Drs. Powell and Truong. This motion requested sanctions in the form
of: (1) an order to pay the attorney's fees directly to real parties; (2) compelled immediate
production; (3) striking the relators' pleadings; and (4) an order for relators to pay costs
resulting from the filing of the contempt motion. A proposed show cause order was attached
to the motion, but the trial court did not issue a show cause order. On February 27, 2009, the
court signed an agreed order releasing funds from the registry of the court. The agreement
was provided in supplemental discovery on April 22, 2009. According to the real parties, at
docket call, the trial court could not reach the case and reset the trial for May 11, 2009. (1)

 On April 15, 2009, real parties filed an objection to the designation of a particular
damages expert, moved to exclude evidence relating to financial information, and moved to
compel relators to produce a copy of a settlement agreement of Horizon's. The reason for
excluding the evidence was based upon Dr. Powell's failure to mention Hoffman-Curtis
Partners Limited in his November 6 deposition and supplementation provided by the relators
on April 2, within thirty days of the April 20 trial setting. (2) The motion asked for sanctions:
(1) precluding the damages expert from testifying at trial; (2) excluding the "untimely"
financial information; (3) ordering Horizon to disclose the settlement agreement; and (4)
unspecified general relief.

 Relators filed a response to real parties' motion to compel. As to real parties'
complaints regarding the late supplementation of discovery, relators argued the resetting of
the case made the issue moot. According to relators, the supplementation occurred when it
did because real parties addressed their objections of November 4, 2008, for the first time on
March 31, 2009. According to relators, the supplementation followed correspondence from
real parties' counsel and a recent ruling granting partial relief on a motion for protection filed
by Hoffman-Curtis Partners. Relators also argue that real parties could not have been
surprised by the document production.

 The trial court granted relators' request for a hearing on the matter, but took no
evidence at the hearing before striking relators' pleadings.

 First, relators complain that the trial court imposed case-determinative sanctions
without notice and a hearing. The trial court must provide notice and a hearing before
imposing sanctions. Tex. R. Civ. P. 215.3. Relators argue they did not have notice that the
trial court might strike their pleadings because the real parties' motion asked for lesser relief. 
Relators argued that striking their expert would be outcome determinative. Although relators
were able to file a written response to the motion to compel, the trial court heard no evidence
and struck relators' pleading as soon as counsel for real parties said "[g]ood morning." We
need not decide whether this purported notice and rather abbreviated opportunity to be heard
satisfied Rule 215.3, as our resolution of the remaining issues requires that the trial court's
order be vacated.

 In their second issue, relators contend the trial court abused its discretion by issuing
"death penalty" sanctions that were not directly related to the alleged misconduct. Relators'
third issue contends the sanctions were excessive in light of the alleged misconduct. We
address issues two and three together. Relators argue the abusive conduct does not justify
the presumption that their claims lack merit. Case-determinative sanctions are inappropriate
in the absence of a party's flagrant bad faith or counsel's callous disregard for the
responsibilities of discovery. Thompson v. Woodruff, 232 S.W.3d 316, 321 (Tex. App.--Beaumont 2007, no pet.).

 Real parties argue the trial court could reasonably conclude the discovery abuse was
caused by Powell personally. While being deposed in November, Powell refused to answer
a question. That was the subject of the trial court's December 30 order imposing sanctions. 
There is no indication in the record that Powell refused to answer questions at a second
deposition. The events occurring after December 30 concerned untimely supplementation
of discovery responses to which relators had filed written objections. There is no evidence
in the mandamus record that Powell personally failed to produce documents; rather, the
record shows that relators' counsel objected to the broad requests of the real parties. No one
requested a hearing on the objections. See Tex. R. Civ. P. 193.4. The parties communicated
about the objections in March and April. In light of the resetting, relators provided their
supplemental responses more than thirty days before trial. See Tex. R Civ. P. 193.5(b). The
facts set forth in real parties' motion and relators' response do not demonstrate an intentional
avoidance of real parties' right to conduct discovery by either Powell or relators' counsel.

 Real parties argue relators displayed a continuous and persistent abuse of the
discovery process. The trial court issued an intermediate sanction on December 30. 
Nonetheless, the alleged misconduct that occurred after intermediate sanctions, which
included depositing the attorney's fees into the registry of the court instead of paying them
directly to real parties and supplementing discovery within 30 days of a trial setting that was
reset for reasons other than incomplete discovery, do not support a finding that a lesser
sanction would not have secured compliance and deterred further noncompliance. See
Polaris Indus., 65 S.W.3d at 753. We sustain issues two and three.

 In view of the excessiveness of the sanctions and the lack of any evidence in the
record to justify the legal presumption that relators' claims and defenses lack merit, we
conclude the trial court abused its discretion in imposing case-determinative sanctions. We
conditionally grant the writ of mandamus and direct the trial court to vacate its sanctions
order of May 6, 2009. The writ will issue only if the trial court fails to comply with these
directions.

 WRIT CONDITIONALLY GRANTED.


 PER CURIAM


Submitted on May 22, 2009

Opinion Delivered June 25, 2009

Before McKeithen, C.J., Gaultney and Horton, JJ.
1. On April 22, Truong filed a motion to continue the May 11 trial setting. Real parties
joined the motion. The trial court stayed all proceedings in the trial court while this
mandamus proceeding is before the appellate courts.
2. According to real parties, Hoffman-Curtis is owned by Powell and Truong, and
received significant payments from Cleveland and Horizon for practice management
services.