**Affirmed and Memorandum Opinion filed November 17, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00431-CV

---

### JASMINE RICKS, Appellant

### V.

### QUALITY CARRIERS, INC., Appellee

---

**On Appeal from the 157th District Court
Harris County, Texas
Trial Court Cause No. 2011-17716**

---

## M E M O R A N D U M   O P I N I O N

This appeal arises from the imposition of a "death penalty" discovery sanction on appellant Jasmine Ricks. Ricks concedes that she failed to comply with discovery requests as well as with the trial court's discovery orders. She argues only that the sanction imposed was inappropriate. Applying the *TransAmerican* standard, we conclude that the sanction imposed was not excessive and affirm the trial court's dismissal of Ricks's claims.

## Factual and Procedural Background

On March 23, 2011, Ricks filed suit against Quality Carriers, Inc. and its employee, Craig Smith, alleging that Smith was negligent in causing a collision with Ricks's car. Ricks alleged that Quality Carriers was responsible for Smith's negligence because Smith was acting within the scope of his employment at the time of the collision.

At issue in this case is Ricks's admitted failure to comply with Quality Carriers' discovery requests. The trial court issued its first order compelling Ricks to comply with discovery a few months after Ricks filed her original petition. Ricks concedes that she did not comply with this order. Quality Carriers later noticed Ricks for deposition. Ricks failed to appear. The trial court signed an order compelling Ricks to appear for deposition the next month and sanctioning her for her abuse of the discovery process. The order further warned Ricks that if she again failed to appear for deposition, harsher sanctions could be imposed against her—including dismissal of the case with prejudice. The court issued two additional orders postponing the date that Ricks was ordered to appear for deposition. Ricks again failed to appear for the scheduled deposition. The trial court again ordered Ricks to appear and be deposed.

On November 4, 2013, the court called the case for trial. On that day, Ricks requested a stay of the proceedings pending review of an earlier order in the case. The trial court denied the request for a stay. When Ricks said that she was not ready for trial and would not call any witnesses, the trial court dismissed the case. On November 8, 2013, the trial court reversed its dismissal *sua sponte* and reset the case for trial.

However, after Ricks again failed to comply with its discovery requests, Quality Carriers filed a motion asking the trial court to enter judgment in its favor.

2

The trial court granted the motion and rendered judgment for Quality Carriers on February 6, 2014, which resulted in the complete disposition of Ricks's case.[1] Ricks timely appealed and now argues that the trial court's judgment against her was an inappropriate "death penalty" sanction.

## Analysis

Quality Carriers first urges us to dismiss this appeal on the grounds that Ricks has not complied with the Rules of Appellate Procedure because she did not present the court with a discrete issue statement or with authority for her argument. *See* Tex. R. App. P. 38.1(f), 38.1(i). We decline to do so. Although Ricks has not presented us with a separate "Statement of the Issues," she has nonetheless substantially complied with Rule 38.1(f) by making it clear that she is arguing that the trial court erred in imposing sanctions on her. *See id.* 38.1(f); *see also id.* 38.9 ("Because briefs are meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case, substantial compliance with this rule is sufficient. . .."). Further, Ricks presented this court with legal authority for her position as required by the Rules. *See id.* 38.1(i). We decline to dismiss the appeal and proceed to our review of the trial court's judgment.

We review a trial court's imposition of sanctions for abuse of discretion. *Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006). We determine "whether the court acted without reference to any guiding rules or principles" such that the decision is arbitrary or unreasonable. *Cire v. Cummings*,

---

[1] The trial court's judgment stated that it disposed of all claims and causes pending in this action—which would have included Ricks's claims against Smith—and was final and appealable. However, the issue on appeal concerns the trial court's judgment on a motion filed only by Quality Carriers. Smith has not submitted a brief and does not appear to be implicated further in this appeal. Therefore, Quality Carriers is the only appellee in this case.

134 S.W.3d 835, 839 (Tex. 2004).

Sanctions imposed by the trial court must be just. *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991). For a sanction to be just, it must first have a direct relationship to the offensive conduct. *Id.* It must also be imposed on the actual offender—the party, party's counsel, or both. *Id.* Second, the sanction must not be excessive, meaning it must not be "more severe than necessary to satisfy its legitimate purposes." *Id.*

"Very severe" sanctions implicate additional constitutional due process concerns. *Id.* at 917–18. As a result, "discovery sanctions cannot be used to adjudicate the merits of a party's claims or defenses unless a party's hindrance of the discovery process justifies a presumption that its claims or defenses lack merit." *Id.* at 918. A sanction that adjudicates the merits of a party's claim prematurely "should not be assessed absent a party's flagrant bad faith or counsel's callous disregard for the responsibilities of discovery under the rules." *Id.*

Here, the trial court imposed a very severe "death penalty" sanction on Ricks. Death penalty sanctions "adjudicate[] a claim and preclude[] presentation of the merits of the case." *In re RH White Oak, LLC*, 442 S.W.3d 492, 501 (Tex. App.—Houston [14th Dist. 2014], no pet.). By rendering a final judgment in favor of Quality Carriers before discovery was complete, the court precluded Ricks from ever presenting the merits of her claim. We must, therefore, evaluate that judgment with an eye toward the due process concerns expressed by the Texas Supreme Court in *TransAmerican*.

Applying *TransAmerican*, we hold that the sanction imposed here has a direct relationship to the offender—Ricks—as well as to her conceded failure to comply with the trial court's orders. The main question in this case is whether the very severe death penalty sanction "fit the crime." *TransAmerican*, 811 S.W.2d at

4

917. *TransAmerican* requires trial courts to ensure that sanctions are proportionate—and, in doing so, to consider whether less stringent sanctions would promote compliance—before they deal the fatal blow to a party's case. *Id.* Here, the record demonstrates that the trial court considered—and imposed—lesser sanctions before imposing the ultimate one. The court ordered Ricks to comply with discovery on multiple occasions and sanctioned her for refusing to do so. However, these lesser sanctions and orders did nothing to secure Ricks's compliance. Despite the court's orders, Ricks continued her noncompliance up until the time that the trial court dismissed her case—over two full years after the court's first order compelling production. This protracted refusal to produce evidence was enough to support the trial court's presumption that Ricks's claims lacked merit. *Id.* at 918. The death penalty sanction in this case, although severe, is not excessive under *TransAmerican*. The trial court did not abuse its discretion when it dismissed Ricks's case with prejudice.

## Conclusion

We affirm the judgment of the trial court.


/s/    Marc W. Brown
       Justice


Panel consists of Justices Boyce, Busby, and Brown.