

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-10-00004-CV

**H.E. BUTT GROCERY COMPANY, L.P.,**

                                                **Appellant**

 **v.**

**ADVANCE STORES COMPANY,**
**INCORPORATED D/B/A ADVANCE AUTO PARTS,**

                                                **Appellees**

_____

### From the County Court at Law No. 1
### McLennan County, Texas
### Trial Court No. 20070951-CV1

_____

## MEMORANDUM OPINION

_____

H.E. Butt Grocery Company, L.P. appeals from the granting of a no-evidence motion for summary judgment filed by Advance Stores Company, Inc. d/b/a Advance Auto Parts. Advance Stores Company, Inc. d/b/a Advance Auto Parts appeals the granting of H.E.B.'s motion for sanctions for discovery abuse in a cross-appeal. H.E.B. complains that the trial court erred by granting the no-evidence motion for summary judgment because it provided sufficient evidence of spoliation by Advance to defeat the motion. Advance complains that the trial court abused its discretion in awarding sanctions pursuant to rule 215 of the Rules of Civil Procedure for discovery abuse.

Because we find no abuse of discretion, we affirm the judgments of the trial court.

*Facts*

On April 14, 2006, a fire destroyed an Advance Auto Parts store, which was near an H.E.B. grocery store. Twenty days after the fire, H.E.B. sent a notice to Advance that H.E.B. intended to pursue a claim against Advance for damages suffered due to the fire. H.E.B. filed this action against Advance, alleging that the fire was the result of the negligence of Advance.

*No-Evidence Motion for Summary Judgment*

We review the judgment granting Advance's motion for summary judgment de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004). Under Rule 166a(i), commonly referred to as the no-evidence standard, after adequate time for discovery a defendant may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim on which the plaintiff would have the burden of proof at trial. *See* Tex. R. Civ. P. 166a(i). A no-evidence summary judgment is essentially a pre-trial directed verdict, and we apply the same legal sufficiency standard. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). We review the evidence in the light most favorable to the non-movant, disregarding all contrary evidence and inferences. *Id*. at 751. The granting of a no-evidence motion will be sustained when the evidence offered by the non-movant to prove a vital fact is no more than a mere scintilla. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). More than a scintilla of evidence exists when the evidence as a whole rises to a level that would enable reasonable and fair-minded people to differ in their

conclusions. *Id*. Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion. *King Ranch*, 118 S.W.3d at 751.

*Advance's Motion for Summary Judgment*

Advance's no-evidence motion for summary judgment contended that H.E.B. had no evidence of causation to support its negligence claims. H.E.B. responded to the motion with, among other things, a copy of an investigative report into the cause of the fire that had been conducted by investigators hired by the attorneys for Advance's insurance company. The report indicated that the cause of the fire was either a discarded cigarette or the fluorescent light fixture in the office in the store, but the exact cause ultimately was determined to be unknown. The report had a video and photographs of the scene attached to it that were taken during the investigation.

The investigation into the cause of the fire was commenced by the insurance company because it was seeking to determine if it had a potential subrogation claim. The investigation commenced on May 4, 2006, the same day that Advance admitted it had notice of H.E.B.'s potential claim. The report to the attorneys for the insurance company was dated June 22, 2006. H.E.B. eventually received the video and photograph in a supplemental response to discovery, but apparently did not receive the written report until the investigator was deposed by a deposition on written questions with a subpoena duces tecum attached to it to provide the report in November of 2008.

Additionally, H.E.B. sought a sanction from the trial court regarding their claim that Advance had spoliated the scene of the fire. The sanction sought by H.E.B. was for the trial court either to grant them a default judgment against Advance or, in the

alternative, to give H.E.B. a spoliation presumption that would defeat the no-evidence motion for summary judgment.

*Standard of Review for Spoliation Presumption*

Because H.E.B. raised the issue of entitlement to a spoliation presumption in its response to the no-evidence summary judgment motion, and the trial court nonetheless granted a no-evidence summary judgment, we presume that the trial court considered and rejected H.E.B.'s request for a presumption. *See Adobe Land Corp. v. Griffin, L.L.C.*, 236 S.W.3d 351, 356-57 (Tex. App.—Fort Worth 2007, pet. denied) (*citing Aguirre v. S. Tex. Blood & Tissue Ctr.*, 2 S.W.3d 454, 457 (Tex. App.—San Antonio 1999, pet. denied). We, therefore, must first review whether the trial court abused its discretion by denying the motion for a finding of spoliation. *Wal-Mart Stores, Inc. v. Johnson*, 106 S.W.3d 718, 722 (Tex. 2003). If the trial court did abuse its discretion by denying the spoliation finding, then summary judgment would be improper. *Adobe Land Corp.*, 236 S.W.3d at 360-61. If, however, we determine the trial court did not abuse its discretion by denying a spoliation finding, we do not consider any presumptions related to spoliation of evidence and review the no-evidence motion for summary judgment by examining whether there is more than a scintilla of evidence to preclude summary judgment. *Id.* at 357 (*citing Aguirre*, 2 S.W.3d at 457). Here, H.E.B.'s sole challenge to the motion for summary judgment concerns the trial court's refusal to make a spoliation finding; H.E.B. does not contend that without the finding there is more than a scintilla of evidence to preclude summary judgment.

To determine whether the trial court abused its discretion, we must decide

whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996). Merely because a trial court may decide a matter within its discretion in a different manner than we would in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1996). An abuse of discretion does not occur where the trial court bases its decisions on conflicting evidence. *In re Barber*, 982 S.W.2d 364, 366 (Tex. 1998). However, a trial court has no discretion in determining what the law is or in applying the law to the facts. *Adobe Land Corp.*, 236 S.W.3d at 357.

### Spoliation

The act of spoliation refers to destruction of evidence relevant to a case. *Buckeye Ret. Co. v. Bank of Am., N.A.*, 239 S.W.3d 394, 401 (Tex. App.—Dallas 2007, no pet.). Trial courts have broad discretion in taking measures to address spoliation of evidence that include "measures ranging from a jury instruction on the spoliation presumption to, in the most egregious cases, death penalty sanctions." *Trevino v. Ortega*, 969 S.W.2d 950, 953 (Tex. 1998). The trial court must make its determination based on the particular facts of each case in determining the appropriate remedy, if any. *Id*.

The inquiry as to whether a spoliation sanction or presumption is justified requires a court to consider (1) whether there was a duty to preserve evidence, (2) whether the alleged spoliator breached that duty; and (3) whether the spoliation prejudiced the non-spoliator's ability to present its case or defense. *Adobe Land Corp.*,

236 S.W.3d at 357.

*Duty to Preserve*

First, H.E.B. had to establish that Advance had a duty to preserve the evidence in question. *Wal-Mart Stores, Inc.*, 106 S.W.3d at 722. This duty arises only when a party knows or reasonably should know that there is a substantial chance that a claim will be filed and that evidence in its possession or control will be potentially relevant to that claim. *See id.* The duty to preserve evidence is not so encompassing as to require a litigant, for example, to keep or retain every document in its possession. *Trevino*, 969 S.W.2d at 957 (Baker, J., concurring). However, it does require the party to preserve what it knows, or reasonably should know is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery, or is the subject of a pending discovery sanction. *Id.*

The parties do not dispute that May 4, 2006 is the date on which Advance knew of the existence of H.E.B.'s claim, which was approximately twenty days after the fire. In the intervening time, a restoration and clean-up company was hired to begin clearing the debris from the fire. Although Advance contends that the insurance company hired the restoration crew and that it had no control over the activities of that crew, the citations to the record given by Advance do not support this contention. Peggy Moser, the manager of the liability and property claims division of Advance, stated in her affidavit in support of the motion for summary judgment that Advance did have the ability to stop the clean-up.

The clean up of the site that took place prior to Advance's notice of H.E.B.'s claim

is not spoliation because Advance did not have notice of a duty at that time to preserve any evidence. *See Wal-Mart Stores, Inc.*, 106 S.W.3d at 722. However, once Advance was put on notice that H.E.B. intended to pursue a claim against it for negligence relating to the fire, Advance had a duty to preserve the evidence at that point.

Advance further contends that the actions of the restoration and clean-up company could not constitute spoliation as to Advance. However, as stated above, the risk manager for Advance indicated that she did have the authority to halt the clean-up efforts. We find that Advance had a duty to preserve the evidence.

*Breach of Duty*

After concluding that Advance had a duty to preserve the evidence, we must now determine whether Advance breached that duty. *See Trevino*, 969 S.W.2d at 957 (Baker, J., concurring). While parties need not take extraordinary measures to preserve evidence, they have a duty to exercise reasonable care in preserving potentially relevant evidence. *See id*. Therefore, in accordance with this duty, it is only logical that parties should be held accountable for either negligent or intentional spoliation. *Id*. This effectively places the burden of the prejudicial effects associated with the failure to preserve upon the culpable spoliating party rather than the innocent non-spoliating party. *Id*. However, a spoliator can defend against an assertion of negligent or intentional destruction by providing other explanations in an attempt to justify its failure to preserve evidence. *Id*.

Advance contends that it did not intentionally or negligently spoliate the scene of the fire because they were not in control of either the clean-up and restoration company

or of any of the cause and origin investigators that came to the scene. To support this, Advance provided affidavits from Moser and from the investigators that stated that the investigators were not employed by Advance. However, once Advance was put on notice that the claim was pending, they made no efforts to preserve any potentially relevant evidence, and therefore, they breached their duty to preserve the evidence.

*Prejudice*

Finally, the third step of our inquiry focuses on whether Advance's spoliation prejudiced H.E.B.'s ability to present their case. *Offshore Pipelines, Inc.*, 984 S.W.2d at 666 (*citing Trevino*, 969 S.W.2d at 954-55 (Baker, J., concurring)). In making this determination, we look to a variety of circumstances such as the relevancy of the missing evidence and the availability of other evidence to take the place of the missing information. *Trevino*, 969 S.W.2d at 958 (Baker, J., concurring).

The affidavit from the investigator that performed the May 4, 2006 investigation indicated that the condition of the scene was such that he was unable to make a definitive opinion as to the cause of the fire. There were many photographs that were taken of the scene, both on April 19, 2006 and on May 4, 2006, as well as a video made on May 4, 2006, which showed the extent to which the condition of the scene had been altered by May 4. The trial court, in its discretion, could have found that the scene was disturbed to a degree that the spoliation that had occurred after May 4, 2006, if any, did not prejudice H.E.B.'s ability to present its case. There were reports from at least two investigators, both substantiated with many photographs of the scene as well as a video and the condition of the scene before and after the date of Advance's notice of H.E.B.'s

claim. H.E.B. has not established how its ability to present its case was prejudiced by the subsequent clean-up of the property.

H.E.B. has also not established exactly when on May 4, 2006 the notice was received. The trial court could have believed that the independent cause and origin investigation was completed prior to Advance's receiving the notice. The trial court could have believed that the photographs and reports were sufficient to take the place of the actual evidence at the scene. It is also important to note that H.E.B. has not challenged the veracity of either of the cause and origin reports; in fact, they rely on them heavily to support their assertions. There was nothing in either report to indicate that a discarded cigarette was located at the scene, and the trial court could have believed Advance's manager's statement that he had never smoked in the store as it was against Advance's policy to do so. H.E.B. has presented nothing to counter that assertion.

Additionally, an engineer who was at the scene on May 4, 2006 was able to investigate the premises and was able to determine that automotive batteries stored near the location of the fire's outbreak were not the source of the fire based, in part, from the condition of the premises on that date. He was unable, however, to find any evidence of the fluorescent light fixture or the branch circuit wiring as being the source of the fire because portions of the light fixture had been cleared away prior to his investigation of the scene. That engineer formed an opinion that the electrical system did not cause the fire, but he qualified his opinion by stating that because of the disturbance of the scene and the intensity of the fire he was unable to conclusively make

that assertion. That engineer did not mention a discarded cigarette as a potential cause in his report or findings, which the trial court could have determined was significant because he was there at the same time as the investigator on May 4, 2006.

*Sanctions*

H.E.B. also contends that the trial court's denial of the presumption regarding spoliation was inconsistent with the trial court's ruling in H.E.B.'s favor granting sanctions for abuse of discovery pursuant to rule 215 of the Texas Rules of Civil Procedure. TEX. R. CIV. P. 215. We disagree. The record is silent as to the exact timing of the alleged spoliation, however, H.E.B.'s original petition in this cause was not filed until May 17, 2007. It appears from the record that the clean-up and restoration of the Advance Auto Parts store continued after May 4, 2006. Rule 215 of the Texas Rules of Civil Procedure is a remedy to address abuses in the discovery process, not pre-litigation spoliation. *See Trevino*, 969 S.W.2d at 958-59. We will address the issue of whether the sanctions were appropriately awarded below; however, we find no inconsistency between the award of sanctions and the refusal to grant the spoliation presumption.

We find that the trial court did not abuse its discretion by denying the request for the spoliation presumption.

*No-Evidence Summary Judgment*

H.E.B. does not contend that they produced more than a scintilla of evidence regarding causation in the absence of the spoliation presumption. Since the trial court did not abuse its discretion by denying the presumption, there was not more than a

mere scintilla of evidence regarding causation and the trial court did not err by granting Advance's motion for summary judgment. We overrule H.E.B.'s sole issue.

## Cross-Appeal

Advance complains in its cross-appeal that the trial court abused its discretion by awarding sanctions to H.E.B. for discovery abuse pursuant to rule 215 of the Texas Rules of Civil Procedure.

## Award of Sanctions

When a trial court finds a party has failed to comply with proper discovery requests, has failed to obey discovery orders, or has otherwise abused the discovery process, the court is authorized to impose a sanction that is just under the circumstances. TEX. R. CIV. P. 215; *In re Ford Motor Co.*, 988 S.W.2d 714, 718 (Tex. 1998). We review the imposition of sanctions for an abuse of discretion. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007) (*citing Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006), and *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004)). A sanction for abuse of the discovery process requires that: (1) there is a direct relationship between the offensive conduct and the sanction imposed; and (2) the sanction imposed must not be excessive. *Transamerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991).

Advance contends that because the cause and origin investigations were completed by individuals hired by their insurance company, they cannot be held responsible because the insurance company is not their agent. Further, Advance complains that because the manager of the liability and property claims division of Advance did not know of such an investigation, they were not responsible for the

production of any reports completed. Advance does not otherwise complain that the discovery requests propounded upon them by H.E.B. did not require the disclosure of those reports, had they known of their existence.

The evidence presented by Advance does not support the proposition that Advance did not know of a cause and origin investigation; in fact, their evidence establishes just the opposite. According to the written report from the cause and origin investigator from April 19, 2006, Richard Zapata, a regional manager for Advance Auto Parts, was present for the first cause and origin investigation. Additionally, according to the second cause and origin investigator, his report was based in part on information collected from Chris Courtney, Advance's District Manager, and Russell Cox, the store manager for the store that had burned. The report further indicates that both Courtney and Cox were present for their examination of the property.

Advance further complains that there was no evidence that Advance hid the existence of the investigation from H.E.B. and that the testimony regarding Advance's lack of knowledge was undisputed. We disagree. In the hearing on the motion for sanctions, counsel for H.E.B. set forth the difficulties he had in getting the identity of the cause and origin investigators, a copy of the photographs of the scene, and the reports prepared by those cause and origin investigators. The final motion for sanctions was in addition to the approximately seven other pleadings requesting court intervention to compel Advance to comply with H.E.B.'s discovery requests. It appears that managerial employees of Advance knew of the cause and origin investigations and that Advance did not provide the photographs of the May 4, 2006 cause and origin

investigation until August 12, 2008 and apparently did not ever produce the reports of any of the investigations completed.

Advance contends that they were not offenders in the discovery process and that there was no innocent party's prejudice to remedy. However, because the trial court could have determined that Advance knew of the investigations but did not disclose their existence, the trial court could have found that they were culpable for failing to produce requested discovery.

*Direct Relationship*

The trial court awarded approximately $7,000 in attorney's fees to H.E.B. which the trial court found were solely for H.E.B.'s attempts to obtain discovery relating to the cause of the fire from Advance. H.E.B. sought an award of almost $27,000, which included a request for attorney's fees relating to all of H.E.B.'s difficulties in obtaining discovery, not just those incurred relating to the cause of the fire. We find that there is a direct relationship between the sanction imposed and the offensive conduct.

*Amount of Sanction*

Advance does not complain regarding the amount of the sanction; therefore, we do not reach the issue of whether the amount of the sanctions awarded constituted an abuse of discretion. *See* TEX. R. APP. P. 38.1.

We find that the trial court did not abuse its discretion in awarding H.E.B.'s attorney's fees for the pursuit of the cause and origin investigation reports pursuant to rule 215. We overrule Advance's sole issue.

*Conclusion*

We find that the trial court did not abuse its discretion by impliedly refusing a presumption regarding spoliation. We further find that the trial court did not abuse its discretion in awarding sanctions to H.E.B. for discovery abuse. We affirm the judgments of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Affirmed
Opinion delivered and filed August 4, 2010
[CV06]