# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00165-CV

**David Dumais, Appellant**

**v.**

**Charles Haggas and Space Chimp, Inc., Appellees**

## FROM THE 250TH DISTRICT COURT OF TRAVIS COUNTY
## NO. D-1-GN-18-002681, THE HONORABLE TIM SULAK, JUDGE PRESIDING

## M E M O R A N D U M  O P I N I O N

This is an appeal from the order of the district court of Travis County striking the appellant's pleadings as a discovery sanction. Appellant is David Dumais and appellees are Charles Haggas and Space Chimp, Inc. (collectively, Space Chimp). This Court will affirm the order.

In the underlying suit, Dumais claimed that the software he bought from Space Chimp was non-functional. Dumais had previously asserted the identical claim in a suit in Travis County district court; however, he nonsuited that case in May 2018 after failing to respond to Space Chimp's written discovery requests. Two days later, he refiled the same claim in the instant lawsuit. Thus commenced Dumais's pattern of delay in complying with Space Chimp's discovery requests to obtain electronic files furnished to Dumais.

Space Chimp asserts, in summary, that Dumais nonsuited the first lawsuit to avoid answering discovery; that the electronic files were finally produced almost seven months after

originally due in the first case; that Dumais missed four separate deadlines to produce the electronic files; and that he violated two separate court orders containing lesser sanctions for not producing the files.

More specifically, as the result of Dumais's continued failure to produce the files, Space Chimp filed a motion to compel production. After hearing, the district court ordered production of the electronic files within ten days and awarded Space Chimp $600 in attorneys' fees. The court's order provided further that failure to produce the files by the ten-day deadline could result in further sanctions against Dumais "up to and including striking [Dumais's] Petition."

Having waited nearly fifty days past the court's ordered deadline and not having received the electronic files, Space Chimp filed a motion to strike Dumais's pleadings and dismiss the case. After hearing, the district court ordered Dumais to produce the requested files by December 11, 2018. The order further provided that if such files were not produced by that date, Dumais's pleadings would be stricken and his suit dismissed. Instead of producing the requested files by the deadline, Dumais filed two more motions for extension of time, asserting his difficulties in "accessing and copying" the files.

In response, Space Chimp filed its second motion for discovery sanctions requesting that Dumais's pleadings be stricken and the case be dismissed with prejudice. Dumais finally produced the requested electronic files on December 21, 2018.

At the hearing on the second motion for sanctions, Dumais pointed out that the electronic files had been produced and that he would pay Space Chimp's attorneys' fees incurred "in filing the most recent motions." After hearing, the court took the matter under advisement. A few days later, the court requested proposed orders on the motion. On January 30, the court

signed an order granting Space Chimp's second motion for discovery sanctions and ordering Dumais's pleadings stricken and all claims dismissed with prejudice unless Dumais paid $10,000 to Space Chimp by March 1, 2019.

Dumais filed an appeal from the sanctions order after the March 1 deadline had passed and without paying the $10,000 fine. In his brief to this Court, Dumais asserts in a footnote that he does not "believe" that the order granting Space Chimp's motion for discovery sanctions is a "final, appealable judgment." He advances no argument or authority in support of his contention.

Nearly twenty years ago the Texas Supreme Court settled the finality issue contrary to Dumais's "belief." In *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001), the Court held:

> A judgment issued without a conventional trial is final for purposes of appeal if and only if it either actually disposes of all claims and parties before the court, regardless of its language, or it states with unmistakable clarity, that it is a final judgment as to all claims and all parties.

The January 30 sanctions order was rendered without a conventional trial, and it disposed of all claims and all parties. The order is final and appealable.

By a single issue, Dumais maintains that the district court abused its discretion in striking his pleadings. An appellate court reviews a trial court's imposition of sanctions for an abuse of discretion. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). The test for abuse of discretion is whether the court acted without reference to any guiding rules and principles. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). The reviewing court must determine that the sanction was appropriate or just. *American Flood Research, Inc. v. Jones*, 192 S.W.3d 581,

3

583 (Tex. 2006). A sanction is just if there is a direct nexus between the improper conduct and the sanction imposed, and if the sanction is not excessive. *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991).

In its order, the district court concluded that Dumais's noncompliance with the court's discovery order justified striking his pleadings. The court found a direct relationship exists between Dumais's failure to produce the electronic files, which are at the heart of the lawsuit, and the striking of his pleadings. The court observed that the imposition of lesser sanctions had been ineffective in moving Dumais to produce the requested material. The court also noted that Dumais's failure to produce the electronic files despite the imposition of lesser sanctions raised the presumption that his claim lacked merit.

Attempting to divert attention from his past noncompliance and delays, Dumais suggests that his conduct did not justify the severity of the sanction because "under the applicable discovery order, [he] was ten days late producing a portion of the requested documents." But the trial court, when contemplating imposition of sanctions, is not limited to a consideration of the specific violation for which sanctions are finally imposed; instead, the court may review the party's conduct during the entire history of the litigation. *Buck v. Estate of Buck*, 291 S.W.3d 46, 55 (Tex. App.—Corpus Christi 2009, no pet.). In our view, the district court, in imposing the sanction, acted well within its discretion pursuant to Rule 215.2. *See* Tex. R. Civ. P. 215.2(b).

As mentioned, the district court afforded Dumais the opportunity to elect a less severe sanction (a $10,000 payment to Space Chimp, if paid by March 1, 2019). Dumais asserts in his brief that he received neither the court's request for proposed orders nor a copy of the

4

sanctions order. He claims that he learned of the existence of the sanctions order on March 7, after the deadline for payment of the $10,000 lesser sanction.

On March 7, however, he had ample time to move for the extension of post-judgment deadlines pursuant to Rule 306a, and then move the district court to extend the deadline to make the election to pay the lesser sanction. *See id.* R. 306a(4)–(5). Dumais has offered no explanation for his failure to avail himself of this opportunity.

The order is affirmed.

_____
Bob E. Shannon, Justice

Before Justices Triana, Smith, and Shannon*

Affirmed

Filed:   October 3, 2019

\* Before Bob E. Shannon, Chief Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).

5