# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00360-CV

---

### World Class Capital Group, LLC; World Class Acquisitions, LLC; and Manfred Sternberg, Appellants

### v.

### Gibson, Dunn & Crutcher LLP, Appellee

---

### FROM THE 53RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-20-007513, THE HONORABLE JAN SOIFER, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellants World Class Capital Group, LLC and World Class Acquisitions, LLC (collectively "World Class Appellants") and Manfred Sternberg, the World Class Appellants' counsel, appeal from the trial court's order imposing discovery sanctions upon them. In the underlying case, appellee Gibson, Dunn & Crutcher LLP sued to enforce a foreign judgment obtained in New York against the World Class Appellants following an arbitration there. On July 8, 2021, the trial court ordered monetary sanctions jointly against the World Class Appellants for noncompliance with a discovery order and individually against their counsel Sternberg for his role in the World Class Appellants' failure to appear for a deposition. The trial court later increased the amount of per-day monetary sanctions for noncompliance with the discovery order. Because we conclude that the trial court did not abuse its discretion by ordering sanctions for the reasons explained below, we affirm.

## BACKGROUND

After the World Class Appellants failed to pay Gibson Dunn nearly $1 million in attorneys' fees, Gibson Dunn initiated arbitration proceedings and obtained an arbitration award against them in November 2019. After obtaining confirmation of the arbitration award in a lawsuit filed in New York, Gibson Dunn became the judgment creditor of a final, conclusive, and enforceable money judgment from the State of New York (the "New York Judgment"). Gibson Dunn filed the underlying lawsuit seeking to enforce the New York Judgment in Texas in December 2020, pursuant to the Uniform Enforcement of Foreign Judgments Act. *See generally* Tex. Civ. Prac. & Rem. Code §§ 35.001-.008; *see also id.* § 35.003 ("A filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying a judgment as a judgment of the court in which it is filed.").

On December 29, 2020, Gibson Dunn served document discovery requests and deposition notices via certified mail on the World Class Appellants' last known address of 814 Lavaca Street, Austin, Texas 78701. *See* Tex. R. Civ. P. 621a (allowing judgment creditor to pursue post-judgment discovery "for the purpose of obtaining information to aid in the enforcement of such judgment"). The four discovery requests included requests for production of documents from each of the World Class Appellants due by January 29, 2021; a deposition notice for World Class Capital Group setting a remote deposition for February 15, 2021, at 9:00 a.m.; and a deposition notice for World Class Acquisitions setting a remote deposition for February 16, 2021, at 9:00 a.m. In addition to serving the World Class Appellants, Gibson Dunn made other efforts to alert them to the discovery requests by sending courtesy copies of the requests via email to an attorney who had represented the owner of the World Class entities, Nate Paul, in other matters and to an attorney

2

who had previously represented that she was legal counsel to various World Class entities. Nate Paul's attorney informed Gibson Dunn he was not authorized to accept service for the World Class Appellants, and the entities' attorney did not respond.

The deadline for responding to the document-production requests passed without any responses from the World Class Appellants, as did the deadline for obtaining a stay of the deposition by objecting to the time and place for the depositions. *See id.* R. 196.2(a) (establishing that responding party must serve written response on requesting party within 30 days after service of requests for document production); *id.* R. 199.4 (establishing that party may object to designated time and place for oral deposition by motion for protective order or motion to quash, which stays oral deposition until motion can be determined, if filed by third business day after service of deposition notice). Nor did the World Class Appellants seek to stay enforcement of the domesticated judgment. *See* Tex. Civ. Prac. & Rem. Code § 35.006 (allowing judgment debtor to seek stay of enforcement of foreign judgment under certain circumstances when it shows that appeal is pending or will be taken or that time for appeal has not expired or that stay of execution has been granted or has been or will be sought, if security for judgment has been furnished).

Instead, on the evening of Sunday, February 14, 2021, appellant Sternberg, who had not yet appeared in the case as the World Class Appellants' counsel, contacted Gibson Dunn and asked to cancel the depositions.[1] According to the affidavit of one of Gibson Dunn's attorneys, Sternberg emailed to inform Gibson Dunn that he had just been retained to represent the witnesses and to inform counsel that "WCCG nor WCA will not be producing witnesses for depositions at

---

[1] Sternberg's initial correspondence is not part of the appellate record, but the timing of his request is undisputed. Sternberg asserts in appellants' brief that he was retained as counsel by the World Class Appellants "around February 14, 2021."

3

this time." Sternberg did not propose alternative dates for the depositions but invited Gibson Dunn to contact him by email or phone. Gibson Dunn's counsel sent the following email in response:

> As the depositions are set to begin in about 13 hours, and as we first heard from you about 2 hours ago, and as you have not appeared as counsel in this matter or filed any motions, it seems somewhat unusual to me that you are asking me to just cancel the depositions. May I ask a few questions before further considering your request?
>
> >       How and when did the witnesses first have notice of the depositions?
>
> >       Who has retained you (I have been told by other counsel that neither witness has any assets)?
>
> >       When are you proposing the depositions take place and whom do you propose to produce to testify?

The next morning, Gibson Dunn's counsel followed up with an email to Sternberg informing him that he was available by phone if Sternberg wanted to speak and that he thought it "best that we go on the record this morning and note the default of the witness. That will give us all a clean record. I am available to discuss next steps at your convenience." Gibson Dunn made a record of the nonappearances of the witnesses on February 15 and February 16. On February 16, 2021, after calling Sternberg twice and leaving voicemails, Gibson Dunn's counsel wrote to Sternberg, asking him to "please tell me via e mail what you propose as the path forward." Sternberg informed Gibson Dunn's counsel that day that his office was not operating because he had no power and limited internet because of the winter storm.[2]

---

[2] During Winter Storm Uri, power blackouts affected most of Texas from February 15-18, 2021. *See* https://comptroller.texas.gov/economy/fiscal-notes/2021/oct/winter-storm-impact.php (last visited March 8, 2023).

After the storm, Sternberg never responded to Gibson Dunn's request that he propose next steps for proceeding with the depositions. Instead, on February 22, 2021, Sternberg appeared for the first time in the lawsuit on behalf of the World Class Appellants and filed a motion to dismiss the foreign judgment. On March 17, 2021, Gibson Dunn filed a motion to compel, requesting that the trial court compel the World Class Appellants to provide "substantive responses and document productions" in response to the requests for production and to produce corporate representatives in response to the deposition notices. Gibson Dunn also requested that the trial court award it all fees and costs associated with the motion to compel.

The trial court conducted a hearing on the motion to compel on April 22, 2021, and at the end of the hearing the court orally ruled that it was granting the motion to compel. On May 7, 2021, the trial court signed an order requiring the World Class Appellants to "provide *substantive responses* to [Gibson Dunn's] requests for production within 14 days of this Order," to each "produce a corporate representative for a deposition within 14 days of this Order," and to "pay reasonable fees and costs associated with [Gibson Dunn's] Motion to Compel." (Emphasis added.) On May 19, 2021, the parties entered a Rule 11 agreement, agreeing that (1) the World Class Appellants' deadline to respond to the written discovery requests would be extended to May 24, 2021; (2) the court-ordered depositions of the World Class Appellants' corporate representatives "will take place on Friday, May 28, 2021"; and (3) the World Class Appellants "will identify their corporate representatives as soon as possible."

The World Class Appellants did not comply with the Rule 11 agreement. On May 24, 2021, the agreed deadline for the World Class Appellants to respond to the requests for production, the World Class Appellants did not produce any documents. Instead, World Class Capital Group objected that one definition in the requests directed to it—the definition of the word

5

"you"—was overbroad.[3] World Class Acquisitions responded to the requests directed to it by stating that it had no responsive documents in its possession or knowledge of any responsive documents. The World Class Appellants never identified their corporate representatives before the scheduled deposition date of May 28.[4]

The night before the depositions were scheduled to go forward, Sternberg attempted to delay the depositions. He stated that he did not know who his clients' corporate representatives would be, and he suggested that Gibson Dunn should postpone the depositions in light of settlement negotiations between the World Class Appellants' New York counsel and Gibson Dunn.[5] However, Gibson Dunn informed Sternberg in at least two separate emails that no settlement had been reached and the depositions would be going forward the next morning. In the first email that evening, Mitchell Karlan, one of Gibson Dunn's attorneys, informed Sternberg: "We are proceeding tomorrow. You are misinformed about the likelihood of settlement." In a second email after midnight, Collin Ray, another Gibson Dunn attorney, informed Sternberg:

---

[3] The World Class Appellants had not timely objected to the discovery requests. Nor did they assert any objection to the breadth of the requests or seek permission to file untimely objections in either their response to Gibson Dunn's motion to compel or at the April 22 hearing on the motion to compel. *See* Tex. R. Civ. P. 193.2(a) (requiring party to timely object to written discovery in writing and to "state specifically the legal or factual basis for the objection and the extent to which the party is refusing to comply with the request"); *id.* R. 196.2(a) (requiring responding party to serve written response to requests for production on requesting party within 30 days after service of the request); *id.* R. 193.2(e) ("An objection that is not made within the time required, or that is obscured by numerous unfounded objections, is waived unless the court excuses the waiver for good cause shown.").

[4] These depositions were also set to be conducted remotely via Zoom.

[5] Sternberg also offered to withdraw the World Class Appellants' opposition to one of Gibson Dunn's attorney's motion for pro hac vice admission if Gibson Dunn would agree to postpone the deposition for two weeks.

"[A]s Mr. Karlan said earlier, we will go forward in the morning and I will be examining the witnesses."

The next morning, Sternberg appeared at the court-ordered depositions, but no corporate representative appeared for either of the World Class Appellants. Sternberg stated on the record that he had advised his clients that they need not appear. Below is Sternberg's full statement on the record at the World Class Capital Group's deposition:

> I'm here on behalf of World Class Capital Group, LLC, and this statement will also be applicable to World Class Acquisitions, LLC. So on May 27th, 2021, at 6:03 p.m. Central Daylight Time, I sent Collin Ray [one of Gibson Dunn's attorneys] the following e-mail in response to his e-mail in which he indicated, you represented today, that you saw our previous e-mails and would respond—would respond to my messages if they deserved a response. This deserves a response.
>
> So—and a quote, and so I responded, Collin, still do not know who the witnesses will be for my clients. Karlan [another Gibson Dunn attorney] should stop acting like a horse's rear and postpone the deposition. He should be interested, if he does not postpone, he will not be attending any deposition that I'm a part of, especially since he's not admitted pro hac vice. And I would note for the record he is here today.
>
> [Returns to reading his email to Collin Ray] Now, this is the weird—this is weird. I learned today that my client and Gibson Dunn are about to settle the case in full in New York. Did you know that? My question is, why are we going through all this if the parties have agreed to—in principle to settle? This case will generate no more fees for Gibson Dunn, and you are eating into the margin for the firm now.
>
> If only for just that reason, Karlan is screwing his partners if he continues this course of action. Don't you have real clients to bill? I note that there are five lawyers on the phone today—or on the Zoom today. [Returns to reading his email to Collin Ray] Karlan's behavior in this case now makes more sense as it seems to be personal with Karlan. He was emotionally charged when he sloppily prepared the judgment, then his domestication, now his pro hac vice, which is still pending, correct?
>
> Karlan has acted—continued to act like a sloppy horseshoe lawyer ever since he first tried to bully me during the Texas freeze in February. Are we still going forward tomorrow?

7

End of e-mail.

When I got no response from Karlan Ray before—Collin Ray before this deposition and after my client has told me they settled the lawsuit, *I advised my client that because I did not hear from Mr. Ray, I logically assumed the deposition would be postponed because of the pending settlement.*

To continue a day of depositions before a long holiday weekend, Memorial Day, would make no sense to appear and continue—and would be a continued waste of both parties' resources if the parties agreed to settle the lawsuit as my client instructed me that the parties have agreed.

So in conclusion, both World Class Capital Group, LLC and World Class Acquisitions, LLC have each instructed me that the lawsuit in New York that was the judgment in favor of Gibson Dunn, LLC made the subject of this Texas litigation in Travis County has been settled; that the parties have negotiated a written settlement agreement; and that my clients have bought their peace and the cessation of all litigation between the parties, including all depositions. Therefore, my clients will not be appearing today.

And I am finished with my statement.

(Emphasis added). During World Class Acquisition's court-ordered deposition, Sternberg read a similar statement, although he clarified that "I will note that [Collin Ray] did send me one [email] early this morning."

Gibson Dunn subsequently moved for sanctions, arguing that the trial court should sanction the World Class Appellants and Sternberg for their willful violation of the court's May 2021 order to produce documents and appear for depositions. Gibson Dunn asserted that "mere days after [Sternberg] represented that [the World Class Appellants] would be producing responsive documents—[the World Class Appellants] served frivolous discovery objections making clear that they were refusing to produce anything at all." Gibson Dunn also set forth the circumstances of the World Class Appellants' refusal to attend their court-ordered depositions and Sternberg's admission on the record that he advised them not to appear. Gibson Dunn argued that

these blatant violations of the court's order by the World Class Appellants and Sternberg warranted additional sanctions beyond an order to pay attorneys' fees related to this second motion. Because the trial court's first order and its award of attorneys' fees had failed to obtain compliance with Gibson Dunn's discovery requests, Gibson Dunn contended that additional and harsher discovery sanctions were needed not only to compensate Gibson Dunn for the World Class Appellants' abuse of the discovery process but also to compel the World Class Appellants' compliance with their discovery obligations—discovery that Gibson Dunn sought to enforce its unpaid judgment against them. Accordingly, Gibson Dunn sought an order compelling production of documents and deposition witnesses within 72 hours without objections, a $500 sanction for each day the production was late, and $10,000 sanctions on the World Class Appellants and Sternberg, in addition to its attorneys' fees and costs.

The World Class Appellants did not file a written response to the motion for sanctions. On July 1, the trial court conducted a hearing on the motion for sanctions and on Gibson Dunn's supplemental briefing addressing the amount of attorneys' fees incurred in litigating the motion to compel. After hearing the parties' arguments on the motion for sanctions, the trial court concluded:

> COURT: Y'all had a court order to appear. You didn't get to unilaterally decide, on the day of the deposition, not to appear. You could've filed some sort of motion and ask to go back in front of the Court. You could have tried to get a different Rule 11 agreement. Instead, you appeared at the deposition and announced that the witnesses were not going to appear, after having been ordered to do so.
>
> I am going to award, in addition to the $20,000 in attorney's fees that I've already ordered, $10,000 in sanctions against the debtor and $10,000 in sanctions against counsel and $500 a day starting 72 hours from now until there's been full compliance with Judge Connor's order. And all of that needs to be paid within 30 days of today's date, with the exception, of course, of the $500 a day as it accrues. That will be due within 30 days of the date of accrual.

9

MR. STERNBERG: Your Honor, I would like to ask the Court to recognize that I did appear for the deposition as ordered by the Court. I cannot compel my client to do anything. But I was there, and I explained to them why my client was not there. That should not—I should not be sanctioned for actually appearing at a deposition that was ordered by the Court, and I did what I was supposed to do.

THE COURT: Actually, Mr. Sternberg, as I explained, I think that what you're supposed to do is file a motion, maybe an emergency motion, to ask the Court to set aside its order. And that is—that's what troubles me, is that you took matters into your own hand, told your client they didn't need to appear, apparently, and just unilaterally canceled the deposition.

So had you filed a new motion that asked for either postponement or cancellation of the depositions, I think that would have been appropriate conduct for a lawyer. But just having your clients not show up and unilaterally canceling, after having been ordered by a court, is what I find troubling.

The trial court memorialized its ruling in a written order signed on July 8, 2021. The order imposed a $10,000 sanction on the World Class Appellants and a $10,000 sanction on Sternberg. The trial court also ordered that if the World Class Appellants did not comply with the trial court's May 2021 order within 72 hours of July 1, 2021, it was imposing a penalty of $500 per day for each day that the World Class Appellants remained out of compliance with the May 2021 order. The trial court signed a separate order that same day awarding Gibson Dunn $20,000 of its attorneys' fees that were incurred in litigating the motion to compel. This appeal followed.

## SUBSEQUENT TRIAL-COURT ORDERS

After the appeal was filed, in their appellants' brief, the World Class Appellants and Sternberg informed the Court that the trial court had modified its July 2021 sanctions order to increase the sanctions to $1,000 per day. Citing Texas Rule of Appellate Procedure 27.3, they attached to their brief a copy of the trial court's November 18, 2021 order on Gibson Dunn's "Renewed Motion for Contempt and to Enforce the Court's Orders." In addition to increasing the

daily sanctions amount, the order required the World Class Appellants to sit for depositions on or before December 3, 2021; ordered that their corporate representative would be World Class President and CEO Natin Paul (a.k.a. Nate Paul); and listed the topics that Paul should be prepared to testify about. Gibson Dunn was awarded $10,000 in attorneys' fees related to the motion.

The World Class Appellants and Sternberg later filed a "Notice of Appellants' Modified Order Pursuant to Tex. R. App. P. 27.3," informing the Court that they were giving notice that the trial court had modified the sanctions orders on appeal and that pursuant to Rule 27.3, this Court should treat the appeal as from the trial court's February 1, 2022 "Order on Motions for Contempt."[6] The order states that on January 27, 2022, the trial court heard Gibson Dunn's motion for contempt and sanctions and its motion to hold Nate Paul in contempt.

In that order, the trial court increased the daily sanctions amount from $1,000 to $5,000 per day beginning from the date of the order. The trial court also found World Class Capital Group to be in contempt of court. The trial court further ordered that Paul "shall be individually liable for the daily sanctions jointly and severally with [World Class Capital Group] from the date of this Order." The trial court ordered the World Class Appellants and Paul to produce to Gibson Dunn "all documents relevant to the satisfaction of the judgment in the above-styled case and the whereabouts and value of all assets, accounts, and property belonging to the [World Class Appellants] by no later than Friday, February 4, 2022, at 10:00 A.M." (Emphasis omitted.) The trial court also ordered Paul to appear for a remote deposition on Tuesday, February 22, 2022, stating that the trial court "shall preside over the deposition and rule on any objections raised" and that Paul must "be prepared to testify regarding all matters relevant to the satisfaction of the

---

[6] At the Court's request, a supplemental clerk's record with both subsequent orders was filed and made part of the appellate record. *See* Tex. R. App. P. 34.5(c)(1).

judgment in the above-styled case and the whereabouts and value of all assets, accounts, and property belonging to the [World Class Appellants]." Finally, the court ordered that "[i]f (a) all documents are not produced by the deadline pursuant to paragraph 4 above or (b) Mr. Paul does not appear or is not adequately prepared for the deposition pursuant to paragraph 5 above, the Court will issue a show cause order directing Mr. Paul to appear and show cause why he should not be held in civil contempt and jailed."

We briefly address the scope of our appellate jurisdiction over these subsequent orders. "[W]hen an order of monetary sanctions is issued as part of post-judgment discovery proceedings, a challenge to the monetary sanctions properly may be reviewed by appeal." *Sintim v. Larson*, 489 S.W.3d 551, 557 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Although post-judgment orders resolving discovery disputes are not final, appealable judgments and thus must be reviewed by mandamus, we have appellate jurisdiction over an order compelling discovery that imposes monetary sanctions and would support execution, even if the order does not explicitly state that execution is authorized. *See Bahar v. Lyon Fin. Servs., Inc.*, 330 S.W.3d 379, 388 (Tex. App.—Austin 2010, pet. denied) (quoting *Arndt v. Farris*, 633 S.W.2d 497, 500 n.5 (Tex. 1982) ("An order imposing monetary sanctions, however, would be final and appealable when the sanctions are reduced to a judgment and execution is authorized thereon.")). Therefore, as a general matter, we have jurisdiction to consider the World Class Appellants and Sternberg's appeal from the trial court's post-judgment orders imposing sanctions upon them.[7]

---

[7] The World Class Appellants filed a notice in this Court informing us that the New York Judgment had been fully satisfied as of April 12, 2022. Once the judgment was satisfied, the need for ongoing daily sanctions to compel compliance with the May 2021 order ended, and those daily sanctions stopped accruing. *See Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co., L.P.*, 540 S.W.3d 577, 581 (Tex. 2018) (explaining that "a trial court's post-judgment

Rule 27.3 provides as follows:

> After an order or judgment in a civil case has been appealed, *if the trial court modifies the order or judgment*, or if the trial court vacates the order or judgment and replaces it with another appealable order or judgment, *the appellate court must treat the appeal as from the subsequent order or judgment* and may treat actions relating to the appeal of the first order or judgment as relating to the appeal of the subsequent order or judgment. The subsequent order or judgment and actions relating to it may be included in the original or supplemental record. Any party may nonetheless appeal from the subsequent order or judgment.

Tex. R. App. P. 27.3 (emphases added). Thus, when a party seeks to invoke our appellate jurisdiction over a modified order pursuant to Rule 27.3, we must consider whether the subsequent order is a modification of the order from which the party first appealed. *In re R.A.*, 465 S.W.3d 728, 738-40 (Tex. App.—Houston [14th Dist.] 2015, pet. denied). In *In re R.A.*, the court of appeals held that it had appellate jurisdiction over the juvenile court's first order but lacked appellate jurisdiction over the juvenile court's second order, after it examined both orders and determined that the second order neither vacated or replaced nor modified the first order. *Id.* at 738-740, 745.

Having reviewed the November 2021 order and the February 2022 order on Gibson Dunn's subsequent motions to enforce the trial court's orders and for sanctions, we conclude that those orders only modify the court's July 2021 order to the extent that they increase the daily sanctions amount from $500 per day, first to $1,000 per day, and then to $5,000 per day. All other relief granted in those subsequent orders, including the $10,000 in attorneys' fees awarded in connection with the November 2021 order and the finding in the February 2022 order that World

---

enforcement powers 'can last until the judgment is satisfied'" (quoting *Black v. Shor*, 443 S.W.3d 170, 176 (Tex. App.—Corpus Christi–Edinburg 2013, no pet.) (first citing Tex. R. Civ. P. 308; and then citing *Bahar v. Lyon Fin. Servs., Inc.*, 330 S.W.3d 379, 386 (Tex. App.—Austin 2010, pet. denied))).

Class Capital Group was in contempt, constitutes new issues that are not within our appellate jurisdiction. *See Chen v. Razberi Techs., Inc.*, 645 S.W.3d 773, 782-83 (Tex. 2022) (holding that new notice of appeal was not required for court of appeals to continue consideration of appeal from special-appearance order after trial court rendered final judgment). As the Texas Supreme Court explained in *Chen*, under Texas Rule of Appellate Procedure 27.3, the court of appeals is "obligated to treat the previously perfected appeal as an appeal from the final judgment, but only as to the issues raised in the existing appeal." *Id.* at 775.

The Court reasoned that Rule 27.3 does not operate to perfect an appeal as to any other issues resolved by the subsequent order or judgment that were not encompassed by the pre-existing appeal. *See id.* at 783. Therefore, any party seeking to challenge issues not already pending before the appellate court must file a notice of appeal from the subsequent order or judgment. *See id.* Here, as in *Chen*, "[a]lthough any litigant in this case could have filed a notice of appeal from the final judgment to broaden the issues, no one did." *Id.* Accordingly, we will consider the issues presented by the World Class Appellants and Sternberg concerning whether the trial court abused its discretion by imposing the $20,000 in attorneys' fees for litigating the motion to compel, the $10,000 sanction on the World Class Appellants, the $10,000 sanction on Sternberg, and the per-day penalty imposed on the World Class Appellants for each day that they remained out of compliance with the May 2021 order.

**ANALYSIS**

The World Class Appellants and Sternberg challenge the trial court's award of sanctions in two issues. First, the World Class Appellants and Sternberg assert that the sanctions imposed on them were improper because the trial court failed to consider whether a direct

14

relationship existed between the offensive conduct alleged and the sanctions imposed. Second, they assert that the trial court abused its discretion by imposing excessive sanctions on them because it never considered whether less stringent sanctions would fully promote compliance.

**Standard of Review**

Texas Rule of Civil Procedure 215 authorizes a trial court to impose discovery sanctions, after notice and hearing, if it finds that a party has failed to comply with proper discovery requests or to obey an order to provide discovery, *see* Tex. R. Civ. P. 215.2(b), or that the party is abusing the discovery process, *see id.* R. 215.3. Trial courts have "broad discretion" under Rule 215 to sanction parties who abuse the discovery process. *Horizon Health Corp. v. Acadia Healthcare Co.*, 520 S.W.3d 848, 884 (Tex. 2017). We review a trial court's decision to impose discovery sanctions for a clear abuse of discretion and will reverse only if the trial court acted without reference to any guiding rules or principles, making its ruling arbitrary or unreasonable. *Id.* To make that determination, we "independently review the entire record," *American Flood Rsch. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006) (per curiam), "including the evidence, counsels' arguments, the circumstances surrounding the offending party's discovery abuse, and all of the offending party's conduct during the litigation," *Duncan v. Park Place Motorcars, Ltd.*, 605 S.W.3d 479, 488 (Tex. App.—Dallas 2020, pet. withdrawn). We view the evidence in the light most favorable to the trial court's ruling, and we draw all reasonable inferences in support of that ruling. *Id.*

When determining whether the trial court abused its discretion, we must ensure that the sanctions were just. *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991). In *TransAmerican*, the Texas Supreme Court articulated a two-part test for deciding

15

whether the imposition of sanctions is just: (1) "a direct relationship must exist between the offensive conduct and the sanction imposed"; and (2) "just sanctions must not be excessive." *Id.* "These standards set the bounds of permissible sanctions under Rule 215 within which the trial court is to exercise sound discretion." *Id.*

**Direct Relationship Must Exist Between Offensive Conduct and Sanction Imposed**

The requirement of a direct relationship between the offensive conduct and the sanction imposed "means that a just sanction must be directed against the abuse and toward remedying the prejudice caused the innocent party" and "that the sanction should be visited upon the offender." *Id.* The sanctions that the trial court imposes "must relate directly to the abuse found," and the trial court must "attempt to determine whether the offensive conduct is attributable to counsel only, or to the party only, or to both." *Id.* The World Class Appellants and Sternberg assert that the sanctions imposed upon them were improper because the trial court failed to consider whether a direct relationship existed between the offensive conduct and the sanctions imposed and that no such relationship existed because the trial court did not attempt to determine whether there had been actual compliance, which party was responsible for the alleged discovery abuse, or whether the sanctions were visited on the actual offender.

We disagree with this characterization of the trial court's consideration of the record before it. The World Class Appellants' failures to comply with the discovery rules began in January 2021 when they failed to respond to Gibson Dunn's discovery requests. They retained Sternberg on the day before their Monday, February 15 depositions, and approximately 15 hours before the remote depositions were set to begin, Sternberg informed counsel that "WCCG nor WCA will not be producing witnesses for depositions at this time" and did not propose alternative dates for the

16

depositions. After the winter storm had passed, Sternberg never proposed next steps for proceeding with the depositions. At the April 2021 hearing, the trial court orally granted Gibson Dunn's motion to compel, and the May 2021 order required the World Class Appellants to provide "substantive responses and document productions" in response to the requests for production and to produce corporate representatives in response to the deposition notices, as well as paying Gibson Dunn's reasonable fees and costs related to the motion to compel, which were later determined to be $20,000 (a reduction from the requested award of $27,959.45).[8]

Based on our examination of the record, we conclude that a direct relationship existed between the World Class Appellants' failure to produce documents and to produce corporate representatives for deposition and the initial sanction of attorneys' fees imposed in connection with the motion to compel. The World Class Appellants had not complied with their discovery obligations. There was no evidence or argument presented that their noncompliance was based on advice or direction from Sternberg not to comply. *See American Flood Rsch.*, 192 S.W.3d at 583 (holding that "trial court's discretion to impose sanctions does not depend on whether it issues a specific finding that the 'party' . . . abused the discovery process"; instead, "appellate courts must independently review the entire record to determine whether the trial court abused its discretion").

---

[8] Although the World Class Appellants and Sternberg included the trial court's July 2021 order setting the amount of attorneys' fees with their notice of appeal, they do not challenge the evidence supporting the amount awarded. They focus their arguments in their briefing on the trial court's July 2021 sanctions order, but liberally construing their issues presented together with their notice of appeal, they arguably challenge all sanctions imposed by the trial court, including the award of attorneys' fees related to the motion to compel. *See Horton v. Stovall*, 591 S.W.3d 567, 569 (Tex. 2019) ("[B]riefs are to be liberally, but reasonably, construed so that the right to appeal is not lost by waiver." (citing Tex. R. App. P. 38.9)). Accordingly, we consider the propriety of the trial court's award of attorneys' fees as an initial sanction.

17

Rule 215.2 expressly authorizes the imposition of sanctions to compensate for the attorneys' fees of a party that has suffered delay because of the disobedient party's discovery abuse. *See Hagerman v. Wells Fargo*, No. 03-03-00769-CV, 2006 WL 2448598, at *10 (Tex. App.—Austin Aug. 25, 2006, no pet.) (mem. op.) (citing Tex. R. Civ. P. 215.2(b)).  In fact, Subsection (b)(8) mandates that the court *shall* require the party or the attorney advising it or both to pay "the reasonable expenses, including attorney fees, caused by the failure" to respond to discovery requests unless the court makes a finding that "the failure was substantially justified or that other circumstances make an award of expenses unjust." Tex. R. Civ. P. 215.2(b)(8).  Here, the trial court conducted the necessary hearing and had before it the necessary evidence to demonstrate that such sanctions were just.  *See id.* R. 215.2.  The sanctions were "imposed upon the true offender and tailored to remedy any prejudice discovery abuse caused." *American Flood Rsch.*, 192 S.W.3d at 583.  Moreover, the World Class Appellants have not argued on appeal that the fees were not reasonable or were excessive, and we note that the trial court reduced the requested award of fees based upon an oral finding that the hourly rates for fees were "a bit high." Accordingly, on this record we conclude that the trial court did not abuse its discretion by imposing the initial sanction on the World Class Appellants to compensate Gibson Dunn for the attorneys' fees it incurred because of their failures to comply with discovery requests.

After the trial court issued its May 2021 order requiring the World Class Appellants to provide "substantive responses and document productions" in response to the requests for production and to produce corporate representatives in response to the deposition notices, the World Class Appellants continued to abuse the discovery process by flouting the trial court's order. They neither produced substantive responses and documents nor appeared for their depositions. *See, e.g., id.* at 584 (noting that "in the context of an enduring attorney-client relationship,

18

knowledge acquired by the attorney is imputed to the client"); *Van Es v. Frazier*, 230 S.W.3d 770, 782 (Tex. App.—Waco 2007, pet. denied) (determining that it would "defy logic" to conclude that client had not consulted with attorney concerning status of litigation and various sanctions motions filed in case). As for Sternberg's role, Gibson Dunn informed the court that as part of the discussions that led to the Rule 11 agreement to extend the deadline for production and depositions, Sternberg represented to Gibson Dunn that the World Class Appellants would not merely object but would actually produce documents. Moreover, Sternberg asserted that the World Class Appellants informed him that a settlement had been reached—which was not true and he was so informed by Gibson Dunn before the deposition—but based on that information, Sternberg nevertheless instructed them not to appear at the depositions without first moving to postpone the depositions, which the trial court ruled was sanctionable conduct. Therefore, based on the record before the trial court at the hearing on the motion for sanctions, the trial court reasonably determined that both the World Class Appellants and Sternberg were at fault for the World Class Appellants' failure to attend the scheduled depositions and to provide substantive responses and document productions.

"The legitimate purposes of discovery sanctions are threefold: 1) to secure compliance with discovery rules; 2) to deter other litigants from similar misconduct; and 3) to punish violators." *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 849 (Tex. 1992). Here, the trial court imposed a $10,000 sanction on the World Class Appellants and a $10,000 sanction on Sternberg to punish them for their flagrant violation of the court's May 2021 order and the Rule 11 agreement and to deter future violations. In the context of the discovery sought here—post-judgment discovery to aid in the enforcement of an existing judgment of almost $1 million—most of the nonmonetary sanctions suggested in Rule 215.2 would not be effective to punish these

violations or deter future violations because the World Class Appellants were neither seeking their own discovery nor seeking to prevail on a claim. *See* Tex. R. Civ. P. 215.2(b)(1)-(5). Instead, they presumably sought to delay payment and avoid enforcement of an already final judgment. Consequently, on this record, we hold that the trial court's award of a monetary sanction against both the World Class Appellants and Sternberg for their violation of the court's order and the parties' Rule 11 agreement and for further delaying the post-judgment discovery and enforcement process satisfies the first prong of the *TransAmerican* test. *See* 811 S.W.2d at 917 (requiring sanction to be directed against abuse and towards remedying prejudice caused to innocent party and to be imposed upon offending party).

To secure compliance with the discovery rules, the trial court also imposed a penalty of $500 per day on the World Class Appellants to be paid to Gibson Dunn for each day that they remained out of compliance with the May 2021 order, beginning 72 hours after July 1, 2021. That penalty was subsequently increased from $500 to $1,000 per day beginning November 22, 2021, and from $1,000 to $5,000 per day on February 1, 2022. Again, in this context of post-judgment discovery, nonmonetary sanctions would not be an effective means for compelling compliance with the discovery rules and the court's May 2021 order. We conclude that a direct relationship exists between the World Class Appellants' failure to obey both the discovery rules and the trial court's order and the per-day penalty imposed for further noncompliance with that order; accordingly, we hold that the per-day penalty satisfies the first prong of the *TransAmerican* test. *See id.* We overrule the World Class Appellants and Sternberg's first issue.

**Sanctions Must Not Be Excessive**

"Although punishment and deterrence are legitimate purposes for sanctions," *id.*, "a trial court may not impose a sanction that is more severe than necessary to satisfy its legitimate purpose," *Cire v. Cummings*, 134 S.W.3d 835, 839 (Tex. 2004). To satisfy the second prong of the *TransAmerican* test, "the punishment should fit the crime." 811 S.W.2d at 917. The World Class Appellants and Sternberg contend that the sanctions imposed are excessive because the trial court never considered the availability of less stringent sanctions and whether lesser sanctions would fully promote compliance. To the contrary, the trial court not only considered lesser sanctions before imposing the $10,000 sanctions and the per-day sanctions, it actually imposed lesser sanctions in the May 2021 order by ordering compliance and awarding Gibson Dunn its reasonable fees related to the motion to compel. Only when those sanctions did not result in compliance and when the World Class Appellants and Sternberg flouted the trial court's order did the court impose the $10,000 sanctions and the per-day sanctions. Furthermore, the trial court initially set the daily sanctions amount at $500 per day that the World Class Appellants remained out of compliance with the May 2021 order. When that sanction was not enough to compel compliance, after five months, the trial court increased the sanctions to $1,000 per day, and then after another two months, it increased the amount to $5,000 per day. As discussed above, most nonmonetary sanctions suggested in Rule 215.2(b) would have no effect here where discovery is sought only to aid in the enforcement of an already final judgment—this is not a case where death-penalty sanctions could even be threatened as a means of compelling compliance. The only nonmonetary sanction that potentially would be applicable would be the more severe sanction of an order treating as contempt

21

of court the offending party's failure to obey the court's orders.[9]  *See* Tex. R. Civ. P. 215.2(b)(6). The trial court here reasonably began by ordering the requested discovery and imposing a sanction of attorneys' fees related to the motion to compel before progressing to the more severe sanctions of the $10,000 penalties for the egregious violations of the court's order and the per-day sanctions to compel compliance with the order.  We hold that this progression from lesser sanctions to more severe sanctions satisfies the second prong of the *TransAmerican* test.  We overrule the World Class Appellants and Sternberg's second issue.

## CONCLUSION

Because we hold that the sanctions imposed on the World Class Appellants and Sternberg are just sanctions, we affirm the trial court's sanctions orders requiring (1) the World Class Appellants to pay Gibson Dunn $20,000 in attorneys' fees, the $10,000 sanction, and the per-day sanctions imposed in the July 2021, November 2021, and February 2022 orders and (2) Sternberg to pay Gibson Dunn the $10,000 sanction.

_____

Gisela D. Triana, Justice

Before Justices Baker, Triana, and Theofanis

Affirmed

Filed:  March 30, 2023

---

[9]  That more severe sanction was eventually ordered by the trial court as to World Class Capital Group in the trial court's November 2021 and February 2022 orders.  That sanction was not imposed in the order initially appealed from, and the World Class Appellants and Sternberg do not contend on appeal that this sanction was excessive.

22